HAMILTON ET AL. V. SCHUMACHER.

(No. ——.)

APPEAL from Fayette County. Opinion by WHITE, P. J.

J. C. BROWN, counsel for appellants.

W. S. ROBSON, counsel for appellee.

§ 212. *Measure of damage; breach of contract of sale, etc., of goods; case stated.* Suit was brought in justice's court by appellee to recover of appellants damages on account of their failure to deliver to him a car-load of apples, as they had contracted to do. On trial, judgment was rendered for plaintiff in justice's court for $126.50. Appeal to county court, in which court the case was tried by the court without a jury, and the court found and filed conclusions of fact and law. The court found the facts to be as follows: Plaintiff is a merchant, dealing in groceries, fruits and provisions, in La Grange. On October 20, 1888, he contracted in writing with defendants for a car-load of one hundred and forty barrels of apples of certain kinds and qualities, of which samples were shown to and left with him. By the contract the apples were to be delivered to plaintiff at the depot in La Grange, and be paid for on delivery. Before the apples were shipped plaintiff requested defendants to defer delivery twenty days; and this they agreed to, so that the apples did not arrive at La Grange until the 28th of November, 1888, when plaintiff examined them, and, finding them to be in grade and quality much inferior to the same samples,— the apples contracted for,—

he declined to receive them, and on the same evening telegraphed to St. Louis, Mo., for another car-load of apples of the same grade and quality ordered of defendants. On the 3d of December plaintiff received the car-load of apples by him from St. Louis, but had to pay $49.05 more for them than he was to have paid defendants for the car-load ordered of them. Several of the retail dealers in fruits, at La Grange, were in the habit of buying apples of defendant,— one of them would buy as many as eleven barrels at a time, while others would buy smaller quantities. After plaintiff contracted with defendants for the apples, he took the samples left with him, showed them to such retail dealers as had been in the habit of buying from him, and they agreed to take a large proportion of the apples should they prove to be of the quality and kind of the samples. On account of plaintiff not being able to furnish the retail dealers the kind and quality of apples at the time stipulated, they got apples elsewhere, on account of which plaintiff lost all the profits he would have realized from the sale of the apples to the retail dealers had he been able to furnish them the apples they had agreed to buy. The profits from such sales would have been $75.

The court's conclusions of law were, in substance, as follows: *First,* because defendants did not deliver to plaintiff the kind and quality of apples they had agreed to, he had to buy other apples, which cost him $49.05 more than he had agreed to pay defendants, and this he should recover; *second,* because of the failure of defendants to deliver to plaintiff the apples contracted for, he failed to carry out his agreements with the retail dealers to furnish them, and thereby he lost the profits which he would have realized from the sales of the apples to the retail dealers, amounting to $75, and this sum he should also recover; *third,* that judgment should be entered in favor of plaintiff against defendants for $124.05. Judgment was accordingly entered against defendants

and their sureties for $124.05 and costs of both courts. We are of the opinion the judgment is manifestly erroneous. By the facts found it does not appear that any particular day was named in the contract upon which the apples were to be delivered. The apples shipped by appellant arrived on the 28th of November, and appellee refused to receive them because not such as he had contracted for. Five days later he had purchased and received another car-load of apples, such as appellants should have sent him, but he had to pay $49.05 more for this second car-load than the amount he had contracted to pay appellants for their car-load of apples. He never paid appellants anything. Now, it seems to us clear that if appellants should pay to appellee $49.05, the excess in price he had to pay for the second car-load of apples, he would be in the same situation he would have occupied had they complied with their agreement. But the judgment of the county court not only allowed him this $49.05, with which he made himself whole in the purchase of the second car-load, and which car-load he sold at a profit of $75, but in addition allowed him $25 more of defendant's money as his profits on their car-load, which he would not receive and which he did not sell. This was allowing him double compensation for his damages, and is clearly inequitable and unjust. The measure of damages for a failure to deliver in accordance with the contract specific articles is the difference between the contract price and their value at the time and place where they should have been delivered. [Ullman v. Babcock, 63 Tex. 68.] Loss of profits in a business cannot be allowed as damages, unless the *data* of estimation are so certain and definite that they can be ascertained reasonably by calculation, and the party in fault must have had notice either from the nature of the contract, or by explanation of the circumstances at the time the contract was made, that such damage would ensue from the non-performance. [2 Civil Cas. Ct. App.,

§ 405; 3 Civil Cas. Ct. App., §§ 72, 226.] We are of the opinion that appellee was entitled to recover $49.05, the excess paid by him for the second car-load of apples, and we think this is the full extent to which he was entitled to a recovery. The judgment of the court below is reversed, and here rendered in favor of appellee against Hamilton Bros., appellants, for the sum of $49.05, and all the costs of this proceeding are adjudged against appellee, Schumacher.

　　February 11, 1891.　　　　Reversed and rendered.