GRESHAM v. TECUMSEH OIL & COTTON CO. (No. 2075.)

(Court of Civil Appeals of Texas. Texarkana. April 3, 1919. Rehearing Denied April 10, 1919.)

1. SALES ⬳418(12)—CONTRACT—BREACH BY SELLER—CONTEMPLATION OF RESALE.

Where a seller has contracted to deliver certain goods, knowing that the buyer has contracted to deliver the same to a third person, and fails to deliver, then the rule that the damages are the difference between the resale price and the contract price is inapplicable, if the resale price was less than the market price, so that the buyer would have to buy at the then market price, and would lose the difference between the price he was to pay the seller, and the price he had to pay on the market.

2. SALES ⬳418(12)—CONTRACT—BREACH BY SELLER—CONTEMPLATION OF RESALE.

Where at a time of the sale the buyer of certain oil had not contracted to sell it to a manufacturing company, the seller may not invoke the rule applicable if, when the contract of sale is made, the seller has notice that the goods are being purchased for resale in a particular market, so that he may be deemed to have contracted in contemplation of such purpose.

3. SALES ⬳418(7)—REMEDY OF BUYER — RULE OF ASSOCIATION.

Where seller of oil had not given notice to buyer, as required in rule of cotton seed association providing it should be duty of seller to notify buyer at least ten days previous to expiration of period in which cars might be forwarded in time to reach seller in time to admit of shipment within contract period, and neither buyer nor its trustee in bankruptcy wired seller for instructions as to tanks, nor gave seller notice 48 hours in advance of the trustee's purchase of oil on the market to fill the contract, as the rule required, the buyer's remedy provided by the rule was not exclusive of any other.

Appeal from District Court, Grayson County; C. T. Freeman, Judge.

Suit by O. S. Gresham, trustee in bankruptcy of the Sherman Cotton Oil Provision Company, against the Tecumseh Oil & Cotton Company. From judgment for defendant, plaintiff appeals. Reversed, and cause remanded.

By a contract made August 28, 1915, the Tecumseh Oil & Cotton Company sold and delivered three tanks (24,000 gallons) of prime

cotton seed oil to the Sherman Cotton Oil Provision Company at 35 cents per gallon f. o. b. cars at Oklahoma common points. The oil was to be shipped during the month of November, 1915, as directed by the provision company, in tanks furnished by it. Payment for the oil was to be made on sight drafts of the oil and cotton company accompanying bills of lading covering oil shipped. The sale was subject, it seems, to the rules of the Interstate Cotton Seed Crushers' Association. One of said rules was as follows:

"In case of contracts for oil for specific shipments it shall be the duty of the seller to notify buyer at least ten days previous to the expiration of the period in which tank cars might be forwarded in time to reach seller in time to admit of shipment of the oil within the contract period. In case seller does not give such instructions within the period specified it shall be the duty of the buyer to ask by wire for such instructions, confirming by letter, and then, failing to receive them, may, upon wire notice given 48 hours in advance, through any recognized cotton oil broker in good standing, buy the oil contracted for, holding the seller for any loss and expense incurred in such repurchase and accounting to him for any profits earned in it over the contract price."

One of the three tanks of oil was delivered to and paid for by provision company before November 19, 1915, when it was adjudged a bankrupt. Another of the tanks had then been loaded, and, it seems, was en route to Peet Bros. Manufacturing Company of Kansas City, to whom, with the other tank not then loaded, the provision company had sold same at 34½ cents per gallon. When the produce company was adjudged a bankrupt November 19, 1915, appellant was appointed receiver, which position he held until December 9, 1915, when he was duly elected and qualified as trustee in bankruptcy. This suit was by appellant as such trustee. It was for damages for a breach, as alleged, by appellee of its undertaking, in that it failed to deliver two of the three tanks of oil it sold to the produce company. It appeared the market value of oil of the kind specified in the contract at the time of the alleged breach thereof was 54 cents a gallon.

On the trial, appellant having "closed his evidence and rested," appellee moved the court to instruct a verdict for it, for reasons set out in its motion as follows:

"It appears from the undisputed testimony on or about the 1st day of November, 1915, the Sherman Cotton Oil & Provision Company resold the three tank cars of oil in controversy to the Peet Bros. Manufacturing Company of Kansas City, Kan., at 34½ cents per gallon, and that, if the defendant had delivered said oil, it would have gone to the Peet Bros. on said contract, and as the said Sherman Cotton Oil & Provision Company was paying to the defendant 35 cents per gallon for the oil it had bought from defendant and getting only 34½ cents per gallon from the oil delivered to Peet Bros., it sustained no damages whatever by reason of the defendant's failure to deliver said oil, and it further appears that the defendant, Peet Bros. Manufacturing Company, and the Sherman Cotton Oil & Provision Company all acquiesced in and agreed to said resale and to the delivery of said oil to the Peet Bros. Manufacturing Company instead of to the said Sherman Cotton Oil & Provision Company.

"Because the contract entered into between the parties, particularly section 3 of rule 28 of the Interstate Cotton Seed Crushers' Association, pleaded by both parties, and this remedy, under the law, is exclusive. The plaintiff has failed to show a compliance on his part with said rule, in that it does not show that he asked by wire for shipping instructions within the period specified therein, confirming by letter, and that he failed to receive such instructions in response to such notice, nor does it show that he furnished wire notice 48 hours in advance of the purchase of such oil through a recognized cotton oil broker in good standing, all of which were required in said rule made a part of the contract by reference."

Wood, Jones & Hassell, of Sherman, for appellant.

J. A. L. Wolfe and J. F. Holt, both of Sherman, for appellee.

WILLSON, C. J. (after stating the facts as above). We think the trial court was not warranted in instructing a verdict in appellee's favor on either of the grounds specified in the motion set out in the statement above.

As justifying the action of the court in sustaining the motion on the first of the two grounds, appellee invokes a rule stated in 2 Mechem on Sales, § 1763, as follows:

"If, at the time the contract is made, the seller had such notice or knowledge that the goods are being purchased for resale in a particular market, or to be supplied in pursuance of a particular contract, that he may fairly and reasonably be deemed to have made his contract in contemplation of that purpose, and to have assumed the risks thereby entailed, then, if he breaks his contract damages for losses caused thereby, if not uncertain or remote, may be recovered."

[1, 2] We think the rule cannot be invoked by a seller who has breached his contract to prevent a recovery against him by the buyer of the difference between the contract price and the market price. The rule is based on the theory of compensation to the party not in fault for losses caused by the default of the other party which it was contemplated at the time the contract was made might follow such default. If at the time the seller entered into the contract he knew the buyer meant to apply the property purchased to the satisfaction of his obligation to another person, the seller might very well be held to have contemplated that, if he failed to comply with his undertaking, the loss to the buyer would be the difference between the price he was to pay for the property and the

price, if it was greater than the market price, he was to receive therefor from the third person. On the other hand, the seller might very well be held to have contemplated, if the price the buyer was to receive from the third person was less than the market price, that the buyer would have to go on the market and buy at the price there controlling the property necessary to enable him to comply with his contract with the third person, and therefore would lose the difference between the price he was to pay him (the seller) and the price he had to pay on the market.

If, however, the rule was not inapplicable to the case for the reason stated, it was for other reasons now to be stated:

1. At the time, to wit, August 28, 1915, it sold the oil to the produce company, appellee could not have had notice or knowledge that the produce company was buying same to apply on a contract it had with Peet Bros. Manufacturing Company, because at that time the produce company had not contracted (and until November 1, 1915, did not contract) with said manufacturing company to sell it the oil. Madill Oil & Cotton Co. v. Sanger, 95 S. W. 36, is cited by appellee as holding the rule to be applicable if the seller has such notice when he breaches his contract. The ruling made in that case was that it was error to refuse to instruct that Sanger was not entitled to recover for profits which he would have made by reason of a special contract of sale between him and another party, unless the oil and cotton company "had notice of the existence of such contract of sale before it breached its contract." If the court in so ruling meant to hold that the oil and cotton company was liable for such profits, notwithstanding it had no notice or knowledge when it agreed to sell cotton seed cake to Sanger that he was buying same to fill a contract he had with another party, it did so in face of the fact that the contrary of such a view of the law was well established. Hamilton v. Schumacher, 15 S. W. 715; Johnson v. Miller, 163 S. W. 592; Penn v. Smith, 104 Ala. 445, 18 South. 38; 8 R. C. L. pp. 505, 506; 35 Cyc. pp. 643, 644.

2. It did not appear from the testimony as a matter of law that appellant was not damaged by appellee's failure to comply with its contract. The assertion in the motion that it so appeared was based on the assumption that the oil would have gone to Peet Bros. Manufacturing Company at 34½ cents a gallon on its contract with the provision company. With reference to this appellant as a witness testified he would not have let the oil go to said manufacturing company on that contract.

[3] In support of the other ground of the motion appellee insists that the remedy provided by section 3 of rule 28, set out in the statement above, in the event of a breach by the seller of the contract, was exclusive of any other remedy. It further insists that it appeared that appellant was not entitled to assert a right to the remedy provided by said rule, for that it appeared that appellee had not given notice to the produce company as provided for in said rule, and further appeared that neither the produce company nor appellant had wired appellee for instructions as to tanks, nor given to appellee notice 48 hours in advance of appellant's purchase of the oil on the market or an intention to do so, as it was required by said rule to do. A similar contention based on a similar rule was made in Planters' Oil Co. v. Gresham, 202 S. W. 145, and was overruled (rightly so, we think) by the Court of Civil Appeals for the Seventh District. We do not think it necessary to add anything to what was said by the court in that case in overruling the contention.

The judgment is reversed and the cause is remanded for new trial.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes