### SMITH v. WHITE et al.
#### No. 485.

District Court, E. D. Missouri, E. D.
Nov. 28, 1942.

chased from Mrs. R. B. White, doing business as R. B. White Company, also known as Mrs. Maybelle Blalack, four carloads of U. S. Grade No. 1 California Wonder peppers F. O. B. Crystal City, Texas. At the direction of Cornfield three of the cars were shipped to Chicago, Illinois, the fourth to Kansas City, Missouri. Cornfield sold the peppers prior to arrival at Chicago and Kansas City as being of the grade noted. Upon arrival at Chicago those three cars were rejected on the ground they did not meet the grade specified. The same happened to the car upon arrival at Kansas City. Cornfield undertook to sell the three cars at Chicago and the one at Kansas City on the open market but failing to obtain a satisfactory price the three cars were sent on to New York and sold there. The other car was moved from Kansas City to St. Louis, Missouri, where it was sold. The amount at which Cornfield had contracted to sell all of the peppers was $5,967.60. The total amount realized from the sale of the four cars after paying shipping charges and other expenses was $2,901.41. Cornfield then filed claim for reparation. The claim was first denied but on reconsideration was allowed for $3,066.19. Cornfield then assigned the claim to the present plaintiff who instituted this action in the District Court for the Eastern Division of the Eastern District of Missouri, the place of residence of Cornfield and plaintiff, to enforce the collection of the claim. Section 499g (b), 7 U.S.C.A.

The Second Amended Complaint alleges that the contracts for the resale of the peppers were made prior to their purchase by Cornfield, and that Cornfield notified the seller of the resale. Upon the theory that the seller had notice of the resale the quantum of damages is laid at the difference between the resale contract price of $5,-967.60 and the net amount realized rather than at the difference between the market price of peppers of the grade purchased and those delivered. The amount at which the peppers were finally sold was alleged to be the market price. The complaint sets out the Reparation Order of the Secretary and by reference incorporated the Findings of Fact and Conclusions of the Secretary.

The Findings, briefly summarized, are that peppers of the grade heretofore noted were sold by White to Cornfield; that they were resold by Cornfield at a price which

Milton Keiner, of St. Louis, Mo., for plaintiff.

Geo. O. Durham, of St. Louis, Mo., for defendants.

COLLET, District Judge.

This is an action under the Perishable Commodities Act, 7 U.S.C.A. § 499a et seq., for the recovery of damages for breach of warranty of the quality of agricultural products.

M. Cornfield, operating as M. Cornfield and Company at St. Louis, Missouri, pur-

would have realized $5,967.60; that they were not of the grade specified and were rejected for that reason; that they were finally sold for $2,901.41 plus expenses. The measure of damages was fixed at the difference between $5,967.60 and $2,901.41. There was no finding by the Secretary that the seller was notified or had knowledge of the resale contracts.

The record made in the reparation proceeding was admitted in evidence at the trial over objection. Other evidence was offered by plaintiff. There was no showing that the seller had knowledge of the resale contracts. There was evidence of the market price of U. S. Grade No. 1 peppers and peppers of the grade actually shipped at Chicago at the time of the attempted sale there.

The defenses are that the reparation order is void; that there was no notice of the resale contracts given to defendant at the time of the purchase and hence defendant may not be charged with the difference between the resale contract price and the amount actually realized. Other defenses interposed need not be noticed.

It is asserted that the reparation order is void because the Secretary first dismissed the complaint and later, on request for reconsideration, made the award more than 30 days after the order of dismissal was made. The argument is that the Statute does not empower the Secretary to reconsider his orders; that plaintiff did not appeal from the order of dismissal within the period of 30 days provided for such action, but instead filed an unauthorized request for reconsideration which did not toll the time within which an appeal might be taken. The result is said to be that the original order dismissing the complaint became final before the reparation award was made, and hence the latter is a nullity.

■ Section 499*o* of the Act authorizes the Secretary to "make such rules, regulations, and orders as may be necessary to carry out the provisions of this chapter." The procedural regulations promulgated by the Secretary and published in Vol. 6, No. 138 of the Federal Register for July 17, 1941, at page 3507, were not in effect at the time of the original order of dismissal of March 25, 1939, or the reparation order of December 16, 1939. The defendant was notified of the request for reconsideration, was furnished with a copy of it by the Secretary and was given an opportunity to reply to it. The record does not disclose what rules relating to reconsideration of orders were in effect at the time of the orders involved herein. But the Act was sufficiently broad to authorize the Secretary to make appropriate procedural rules in that regard. Hence in the absence of an affirmative showing to the contrary it will be presumed that he acted pursuant to an appropriate rule of procedure. The findings were therefore entitled to consideration. They are made prima facie evidence of the facts found therein.

■ Defendant insists that the evidence in this proceeding must be limited to the findings of the Secretary and that no supporting testimony dehors the record before the Secretary may be admitted or considered. Such contention overlooks the language of the Statute relating to the enforcement of claims such as the one now involved. The Statute does not make this proceeding one of review of the record made at the reparation hearing. It provides that the complainant may, subsequent to a reparation award, file in the District Court a petition setting forth briefly the causes for which he claims damages and the Order of the Secretary. It is then provided that the suit shall proceed in all respects like other civil suits for damages, except that the findings and orders of the Secretary shall be prima facie evidence of the facts therein stated. There is not a word to indicate that either party is confined to the record made in the reparation hearing. The plain language of the Statute that the cause shall proceed as other civil suits is to the contrary. If the complainant desires to do so he may offer the findings and orders of the Secretary in evidence and stand on them. If the findings are not overthrown by other evidence to the contrary and are sufficient to justify the relief sought he may recover. But he is not precluded from supplementing the evidentiary findings with other evidence.

■■ Neither the findings of the Secretary or the additional evidence produced establish the fact that the defendant was notified of the resale contracts or had actual knowledge of them. The theory of plaintiff's amended complaint was that such notice was given. Upon that hypothesis was predicated the assumption that the resale contract price would fix the value of the peppers purchased. By the amended complaint the defendant was informed that

it would not be the difference between the market price of U. S. Grade No. 1 peppers and the market price of the peppers delivered which plaintiff sought to recover, but that the recovery sought was the difference between the resale contract price of U. S. Grade No. 1 peppers and the best price obtainable for the peppers shipped. That being the issue posed by the amended complaint the defendant could not 'be called upon to meet the issue relating to the market price of the commodity.

■ Under proper circumstances the Rules of Procedure, 28 U.S.C.A. following section 723c, authorize the Court to treat the pleadings as amended to conform to the proof. But that may not be done when the factual issue would be changed without an opportunity to defendant to make preparation to meet the changed situation.

■ Such being the issue, may the plaintiff recover the difference between the resale contract price, regardless of market value, and the best price obtainable for the inferior products without bringing home to defendant knowledge of the resale contracts? The rule is well established that a special agreement made between the purchaser and a third-party for the resale of·goods may not be made the criterion of the value of the goods in an action by the purchaser against the seller for damages for non-performance unless the seller had knowledge of the special purpose for which the goods were being acquired i. e. to fulfill the resale contract. Gourley v. American Hardwood Lumber Co., 185 Mo.App. 360, 170 S.W. 339, 340; 55 Corpus Juris, p. 1180, § 1160½ (2), citing Mitsubishi Shoji Kaisha v. Davis, D.C., 291 F. 882, Champion Spark Plug Co. v. Automobile Sundries Co., 2 Cir., 273 F. 74, Setton v. Eberle-Albrecht Flour Co., 8 Cir., 258 F. 905; 55 Corpus Juris, p. 1180, § 1160½ (2), citing the following Texas cases: Hamilton v. Schumacher, 4 Willson Civ.Cas.Ct. App. § 212, 15 S.W. 715; Gresham v. Tecumseh Oil & Cotton Co., Tex.Civ.App., 211 S.W. 458; Barnes v. Early-Foster Co., Tex.Civ.App., 228 S.W. 248, and the Missouri case of: S. W. Morten Lumber Co. v. Wisconsin & Arkansas Lumber Co., Mo. App., 268 S.W. 389; American Jurisprudence, Verbo Damages, Section 152; Restatement of the Law of Contracts, Volume 1, Section 331.

The finding of the Secretary therefore was wanting in an essential fact to plaintiff's recovery which fact was not supplied by the supplementary evidence offered. Hence, plaintiff may not recover and the judgment must be for the defendant.