Dan THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 58234.

Court of Criminal Appeals of Texas, En Banc.

Sept. 17, 1980.

R. Bronson Mann, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Sam Adamo and Joan Fisher, Asst.

Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Our opinion on original submission is withdrawn.

Appeal is taken from a conviction for aggravated robbery. After finding appellant guilty, the jury assessed punishment at ten years.

In his second and third grounds of error, appellant challenges the sufficiency of the evidence to support his conviction. In support of these contentions, he points to various contradictions in the testimony from different witnesses and the fact that he presented an alibi defense.

On May 26, 1975, O. D. Hallman was employed as a bus driver for the Houston Transit System. Hallman stated that at 6:10 a. m., he stopped the bus he was driving because appellant was standing at a bus stop. Appellant entered the bus, displayed a handgun and took Hallman's wallet and watch. After riding the bus for approximately two blocks, appellant left the bus driven by Hallman. Two weeks later, Hallman saw appellant in the area in which the robbery had taken place. Hallman notified the authorities and appellant was arrested by Officer E. T. Benson of the Houston Police Department.

Webb Thompson, appellant's brother, testified that appellant was asleep at approximately 5:00 a. m. on the morning of the offense. Thompson left appellant at that time and did not return for seven hours. Thompson stated that he had no idea as to appellant's activities during his absence.

Wyndell Thomas, appellant's wife, testified that she was sleeping in the same room with appellant at the time the offense took place. She stated that she did not hear appellant leave the apartment prior to the time he was supposedly robbing Hallman. Appellant testified that he did not wake up

until four hours after the robbery took place.

When this Court reviews the sufficiency of the evidence, it considers the evidence in the light most favorable to the jury's verdict. With regard to appellant's alibi defense and any contradictions in the evidence, the jury acted to resolve or reconcile any such conflicts in the testimony. See, *Banks v. State*, Tex.Cr.App., 510 S.W.2d 592. As the trier of the facts, the jury judged the credibility of the witnesses and the weight to be given to their testimony, and was free to accept or reject the testimony of any witness. See, *Limuel v. State*, Tex.Cr.App., 568 S.W.2d 309. We find the evidence sufficient to support appellant's conviction.

In his first ground of error, appellant maintains that the trial court erred in admitting Hallman's in-court identification testimony. He contends that the testimony was the product of an impermissibly suggestive pre-trial lineup procedure during which appellant was not afforded counsel.

The trial court held a pre-trial hearing on appellant's motion to suppress Hallman's testimony. Hallman testified that he picked appellant out of a lineup on June 2, 1975. He stated that he did not discuss the lineup with anyone, nor was he shown any photographs before picking appellant out. Hallman testified that he had seen appellant on numerous occasions before he was robbed. He stated that although appellant was the tallest person in the lineup, the only reason he picked appellant was because he had committed the robbery.

Appellant testified that following his arrest he was taken before a magistrate and given his warnings. He stated that he voluntarily appeared in the lineup. The State introduced a copy of a "Waiver Of Right To Have An Attorney Present At A Showup" which was signed by appellant. The waiver states that it was signed at 5:25 p. m. Hallman stated that he viewed appellant at 6:00 p. m. Appellant testified that he did not sign the waiver until after appearing in the lineup.

At the conclusion of this hearing, the trial court ruled that Hallman's identification testimony would be admissible at trial. The court found that the lineup had been properly conducted and that Hallman's ability to identify appellant was based upon his observations at the time of the offense.

We have held that when a witness' ability to make an in-court identification has an origin independent of an alleged improper pre-trial identification procedure, such testimony is admissible at trial. See, *Komurke v. State*, Tex.Cr.App., 562 S.W.2d 230; *Bermudez v. State*, Tex.Cr.App., 533 S.W.2d 806. Hallman's testimony shows that his ability to identify appellant as the assailant was based upon his observations at the time of the offense. We conclude that the evidence supports the court's finding that Hallman's identification had an origin independent of the complained of lineup.

With regard to appellant's contention concerning the absence of counsel at the lineup, as noted above, appellant was shown to have waived the presence of counsel before appearing in the lineup. In any event, in *Wyatt v. State*, Tex.Cr.App., 566 S.W.2d 597, it was held that when a lineup is conducted following the defendant's arrest but before any arraignment, indictment or formal charges are brought, the lineup is merely investigatory in nature. When the lineup is not accusatory in nature, the defendant is not entitled as a matter of absolute right to have counsel present at such lineup. *Wyatt v. State*, supra at 600. Even if formal charges had been brought against appellant and the waiver was signed after his appearance in the lineup, Hallman's testimony would have nevertheless been admissible based upon its origin independent of the lineup. See, *Lane v. State*, Tex.Cr. App., 506 S.W.2d 212.

We find that the trial court did not err in admitting Hallman's identification testimony. Appellant's first ground of error is without merit.

By way of another brief, appellant raises two additional grounds of error.[1] Appellant complains of the court reporter's failure to transcribe his notes from the voir dire of the jury panel and from the final arguments at the guilt or innocence and punishment phases of the trial. He maintains that he was acting as co–counsel and that his personal consent was needed in order for these items not to be transcribed.

The record reflects that following notice of completion of the record, appellant's counsel filed his objections to the appellate record. One of the objections was that the record failed to include the reporter's notes from voir dire and final arguments. On February 27, 1976, the trial court entered an order stating that counsel had withdrawn his request that these items be included in the record. The record was approved without objection on March 3, 1976.

On May 17, 1976, appellant, pro se, filed his objections to the appellate record. Appellant complained of the record's failure to contain the reporter's notes from voir dire and arguments. These objections were overruled by the trial court with a notation "No objections were taken during the voir dire and by agreement of defense counsel, this portion was not transcribed; same as to the argument of the case."

In support of his contention that his personal consent was needed in order for the record not to contain the notes from voir dire and arguments, appellant directs our attention to two motions he filed styled "Motion To Be Recognized As Co–Counsel." There is no showing that these motions were ever called to the attention of or acted upon by the trial court.

■ It is undisputed that appellant has at all times been represented by counsel in both the trial and appeal of this cause. This Court has held that there is no constitutional right to hybrid representation of partially pro se and partially by counsel. See, *Landers v. State*, Tex.Cr.App., 550 S.W.2d 272. In view of appellant's representation by counsel and failure of the record to reflect that appellant was give permission to proceed partially pro se, we find no error in the failure of the record to contain the voir dire and arguments from appellant's trial. The record reflects that no objections were voiced during these portions of the trial and that counsel withdrew his request to have those items included in the record on appeal.

On original submission, the panel reversed appellant's conviction after finding fundamental error in the court's charge to the jury. It was found that the jury charge authorized a conviction without requiring the jury to find an essential element of the offense, namely; "the intent to obtain and maintain control of the property." In its motion for rehearing, the State contends that the charge in question was not fundamentally defective in that it did not lessen the State's burden of proof, authorize a conviction for conduct which was not a criminal offense or authorize a conviction for an offense of which the accused had no notice. In the abstract the court properly defined the law in the charge.

The indictment in the instant case alleges in pertinent part that appellant did:
"While in the course of committing theft of cash money and a wrist watch owned by O. D. Hallman, hereafter styled the Complainant, and *with intent to obtain and maintain control of the property*; intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a pistol." (Emphasis added.)

That portion of the charge applying the law to the facts of the offense is as follows:
"Now, if you find from the evidence beyond a reasonable doubt that on or about

1. This brief was filed following an order entered by this Court on July 13, 1977, in Writ No. 5467 styled *Ex Parte Dan Thomas*. The order stated that the petitioner (appellant in this cause) was entitled to an out–of–time appeal. The order was based upon what was thought to be counsel's failure to file a brief. It now appears that a brief was in fact timely filed, but was not forwarded to this Court by the district clerk. We will nevertheless proceed to consider the contentions advanced in appellant's second brief.

the 26th day of May, 1975 in Harris County, Texas, the Defendant, DAN THOMAS, did, without the effective consent of O. D. HALLMAN, the owner, *take and exercise control over the corporeal personal property* of O. D. HALLMAN, to wit, cash money and a wrist watch, from the possession of O. D. HALLMAN, *with the intent then and there to deprive* O. D. HALLMAN of said cash money and wrist watch, intentionally and knowingly threatened or placed said owner in fear of imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that in so doing the foregoing acts, if you do so find, the Defendant used or exhibited a deadly weapon, to wit, a pistol, then you will find the Defendant guilty of aggravated robbery as charged in the indictment." (Emphasis added.)

██ It is clear that an essential element of the offense of aggravated robbery which must be plead and proven is that the defendant had the intent to obtain and maintain control of the property. See, *Ex Parte Snelson*, Tex.Cr.App., 601 S.W.2d 358. It is likewise clear that in applying the law to the facts of the offense, the trial court failed to include such element verbatim. However, in light of the charge given, we hold such omission not to be fundamental error.

██ It is fundamental error to fail to charge the jury on an allegation in the indictment that is required to be proved. *Cumbie v. State*, Tex.Cr.App., 578 S.W.2d 732. In *Sattiewhite v. State*, Tex.Cr.App., 600 S.W.2d 277, this Court noted "[n]or is it always necessary that every allegation that is proved be mirrored in the charge, *May v. State*, 146 Tex.Cr.R. 115, 171 S.W.2d 488, 490–491 (1943), or reversible error if it is not, *Booker v. State*, 523 S.W.2d 413, 416 (Tex.Cr.App.1975)." Thus, in *Taylor v. State*, Tex.Cr.App., 599 S.W.2d 831, there was no fundamental error in jury charge requiring the jury to find that the defendant acted "with intent to appropriate the property" when the indictment had alleged that the defendant acted "with intent to

obtain and maintain control of the property."

██ In order to convict, the jury was required to find that appellant took, exercised control over, and intended to deprive the owner of the property. Requiring the jury to so find was the equivalent of requiring it to find that appellant acted with the intent to obtain and maintain control over the property. Although the element of the offense as alleged in the indictment was not mirrored in that portion of the charge applying the law to the facts of the offense, we find that substitution of language comporting with and the equivalent of the legal theory alleged in the indictment does not present fundamental error. Appellant's failure to object to the charge waives all but fundamental error.

We have reviewed the contentions advanced in appellant's pro se and supplemental pro se briefs and find them to be without merit.

The State's Motion for Rehearing is granted and the judgment is affirmed.