**Robert CANTU, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00058–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 18, 1981.

Richard A. Bentley, San Antonio, for appellant.

Bill White, Dist. Atty., Michael A. Kuehr, Asst. Crim. Dist. Atty., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CAN-TU, JJ.

## OPINION

BUTTS, Justice.

This is the companion case to Luis R. Gutierrez v. State of Texas, (No. 04–81–00059–CR—decided November 18, 1981), and is an appeal from a conviction of Theft of Property, $200—$10,000.[1] Appellant was found guilty at a joint jury trial, and the trial court assessed punishment at five (5) years. The imposition of sentence was suspended and appellant was granted probation. Appellant challenges the sufficiency of the evidence.

The undisputed facts show that at approximately 3:00 a. m. on March 27, 1978, Victoria Granado was awakened by a knock on her door. Upon looking out into the parking lot, she observed appellant and another male pushing her son-in-law's 1958 Chevrolet automobile out of the lot. She telephoned the police, whereupon Officer Saline Barrera of the San Antonio Police Department was dispatched to her address. Prior to arriving at Granado's residence, Barrera noticed a stalled automobile, with license plates matching the dispatcher's description, on the side of the road. Barrera stopped and questioned the two men. Luis Gutierrez, who was behind the wheel, told Barrera that they needed a booster to start the car. Barrera then took Luis Gutierrez and a juvenile into custody and waited for a back-up officer to arrive. Officer Cran of the San Antonio Police Department arrived on the scene to cover Barrera. Cran went to the apartment of Victoria Granado to verify the allegations of theft and was informed by her that appellant was one of the men she had seen pushing the vehicle in question. A third San Antonio police officer, Roy Thomas, arrived at the scene and proceeded to appellant's apartment. Appellant accompanied Thomas outside to Cran's police car where Granado positively identified appellant as one of the people she had seen pushing her son-in-law's vehicle out of the parking lot.

In his sole ground of error, appellant contends the trial court erred in overruling appellant's motion for a new trial because the State's proof is insufficient to show that the property taken was of the value of two hundred dollars ($200.00), so as to authorize the felony conviction. Specifically, appellant contends that there is a complete lack of any evidence whereby the jury might have determined the value of the vehicle in question to be two hundred dollars ($200.00) pursuant to the criterion established in Tex. Penal Code Ann. § 31.08(a)(1); or (2):

> . . . the fair market value of the property or service at the time and place of the offense; or, if the fair market value of the property or service cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

When this court reviews the sufficiency of evidence, it considers the evidence in the light most favorable to the jury's verdict. *Thomas v. State*, 605 S.W.2d 290 (Tex.Cr. App.1980).

The testimony of the owner, Parades, is as follows:

> Q. ____How much did you buy that car for again?
>
> A. Two fifty.
>
> Q. How much would you sell that car for today?
>
> Defense: Objection, Your Honor. It's totally irrelevant and immaterial as to how much that car would be today. That has no basis whatsoever in this case, and we're only talking about the day in question, March 27, 1978.
>
> The court: I'll overrule it. I hold it goes to the wait[sic].
>
> State Q. How much would you sell that car for today?

1. Tex.Penal Code Ann. § 31.03 (Vernon Supp. 1980–81) provides, in part:

 (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

 (d) An offense under this section is:
 (4) a felony of the third degree if:
 (A) the value of the property stolen is $200 or more but less than $10,000, . . . . . . . . . . . .

A. Four fifty is the least I would sell it.

Q. On March 27, before it was stolen from you, how much would you have sold the car for then?

A. Four fifty.

Appellant voiced no objection to the last questions and answers. In *Thomas v. State*, 85 Tex.Cr.R. 246, 211 S.W. 453 (1919), it was said, "We think where the alleged owner was permitted, without objection, to state what he paid for the article a short time before the theft and to state that it did have a value sufficiently meets the requirements of the statute." In *Turner v. State*, 486 S.W.2d 797, 799 (Tex.Cr.App. 1972) it was concluded that where the two owners of a stolen tape machine testified that they would not take less than a certain amount of money for the machine and, additionally, testified as to the price of the machine, that this evidence was sufficient, without objection, to sustain the allegation that the tape machine was of the value of over fifty dollars ($50.00), then a felony allegation.

■ It is well established that the owner of property can testify as to his opinion regarding the value of his own property, even though he would not qualify to testify as to the value of like property belonging to another. 24 Tex.Jur.2d *Evidence* §§ 545, 546.

The defense addressed the issue of fair market value by presenting the testimony of two car salesmen. The first salesman, David Cobb, testified that he had been selling cars for five (5) years and that the automobile in question was worth $50.00 to him. The second salesman, Patrick Bond, testified that he had been selling cars for twenty (20) years and that he would give $50.00, $60.00 or $75.00 at the most for the 1958 Chevrolet.

■ The evidence adduced at trial indicates a conflict in the precise value of the vehicle. As the trier of facts, the jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimony, and was free to accept or reject the testimony of any witness. *Thomas v.*

*State,* 605 S.W.2d 290 (Tex.Cr.App.1980); *Daniels v. State,* 600 S.W.2d 813 (Tex.Cr. App.1980); *Nixon v. State,* 572 S.W.2d 699 (Tex.Cr.App.1978). By virtue of the conviction, it is apparent that the jury accepted Parades' testimony and found the value of the vehicle to exceed $200.00. We do not disturb that fact finding. No error is shown. The judgment is affirmed.