**YOUNG SUN LEE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–83–281CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 7, 1984.

Rehearing Denied June 28, 1984.

Discretionary Review Refused Nov. 7, 1984.

658

Mary Rawlins, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Young Sun Lee, appeals from a judgment of conviction of the offense of prostitution. Appellant was originally charged by information with prostitution in cause 693,136. On March 11, 1983, appellant came to trial for the same offense in cause 697,749. Appellant was convicted by a jury and sentenced to five days confinement and a fine of $250.00. We affirm.

Appellant brings fourteen grounds of error on appeal. In grounds of error one,

two, three and five appellant alleges that the information was defective because: (1) it failed to allege the type or amount of the fee that was to be paid; (2) it failed to allege to whom the fee was to be paid; (3) it failed to allege a culpable mental state with respect to the offense; and (5) it improperly defined "deviate sexual intercourse."

Grounds of error four and six claim that the court improperly charged the jury because: (4) the court's charge failed to allege a culpable mental state with respect to the offense; and (6) the court improperly defined "deviate sexual intercourse." Ground of error seven argues that a variance existed between the information and the court's charge, because the information was in the conjunctive but the court charged in the disjunctive.

Grounds of error nine, ten and eleven attack the constitutionality of the prostitution statute, claiming that: (9) it infringes upon freedom of speech; (10) it is unconstitutionally vague, and (11) it permits conviction on the uncorroborated testimony of an accomplice.

Grounds of error twelve and thirteen attack the sufficiency of the evidence. In ground of error twelve, appellant claims that the evidence was insufficient because the State relied solely on uncorroborated accomplice testimony. Ground of error thirteen argues that the evidence was insufficient because the 1977 amendment to § 43.02 of the Penal Code allows prosecution of both parties to a prostitution offense, thus negating the rule of § 43.06 that a conviction can be based upon uncorroborated accomplice testimony.

Finally, in ground of error fourteen, appellant asserts that the trial court erred in overruling appellant's Motion for Mistrial when the State asked questions concerning another woman apparently arrested at the same location.

Appellant was originally charged by information with prostitution in cause 693,136. In response to the court's granting of appellant's motion to quash, the State filed a new information for the same offense in cause 697,749.

The State's sole witness, Officer C.P. Gillespie of the Houston Police Department vice squad, testified that on February 10, 1983, he and Officer Rushing went to the Nagoyo Modeling Studio in Houston to investigate possible liquor violations and prostitution activity. He and Officer Rushing pushed a buzzer at the front door of the studio, and appellant opened the door. She told them in English to sit down and that she would return with another girl.

When the woman returned, the other woman told the officers that the price was $60.00 for a half hour session. Officer Gillespie gave the woman $60.00. Appellant was present during the entire conversation and exchange of money.

Appellant then told Officer Gillespie to follow her upstairs. Once in a room upstairs, appellant told the officer to remove his clothes. She then left the room. She returned, removed her clothes and began to rub against the nude officer. She asked him what he wanted and he replied that he was hoping for a "blowjob." Appellant said, "Okay, I can do that." She then left the room and engaged in a conversation outside with another woman.

Appellant returned and laid down in bed next to the officer. She again asked what he wanted. He replied that he wanted a "blowjob", and she told him that it was covered in the money he had already given. She reached for the officer's penis and began to move her head towards it. He stopped her with a story that he did not want to go through with the act because of his wife. Appellant massaged his back to fill the remaining allotted time.

The officer left and returned with uniformed officers to make the arrest. He found appellant hiding under a sink and arrested her.

Appellant testified that she did not agree to or offer sexual contact and that none occurred. The jury, however, chose to believe the officer's testimony and found appellant guilty.

In her first and second grounds of error, appellant argues that the information was defective because: (1) it failed to allege the type or amount of fee that was to have been paid, and (2) it did not allege to whom the fee was to have been paid. We disagree.

Originally, appellant was charged in cause 693,136. The trial court granted appellant's motion to quash the information in that cause and the State filed a new information in cause 697,749. Appellant also filed a motion to quash the second information. This motion dealt with multiple issues.

When the trial court held a hearing on this motion to quash, defense counsel said that she wished to argue only one issue in the motion. That issue was unrelated to the definition of a fee or to whom the fee was to have been paid. Defense counsel failed to bring any other portions of the motion to the court's attention. Further, the court's order on the motion to quash is blank and unsigned. Appellant never asked for a ruling on the remaining assertions in her motion.

■ Nothing is presented for review when "... the appellate record fails to show that the motion was even called to the court's attention or that the appellant even obtained a ruling on the same." *Allison v. State*, 618 S.W.2d 763, 764 (Tex. Crim.App.1981); *American Plant Food v. State*, 508 S.W.2d 598, 604 (Tex.Crim.App. 1974). Appellant failed to preserve these grounds for review. We overrule grounds of error one and two.

In ground of error three, appellant contends that the information was defective because it failed to allege a culpable mental state with respect to the offense. The original information, which the trial court quashed, did not describe the type of deviate sexual intercourse which the State intended to prove that appellant offered or agreed to engage in for a fee.

■ There are two types of deviate sexual intercourse; Tex.Penal Code Ann. § 43.-01(1) (Vernon 1974); and appellant had the right to know which of the definitions the State proposed to use to describe her conduct. *Gorman v. State*, 634 S.W.2d 681 (Tex.Crim.App.1982).

Appellant now claims that the further detail of the information allowed the State to plead in the alternative. She claims that the jury could have found her guilty either (1) of offering to engage in sexual conduct, or (2) offering to place her mouth on C.P. Gillespie's genitals.

The information states that appellant did "knowingly offer and agree to engage in sexual conduct ... by offering and agreeing to place her mouth on the genitals of C.P. Gillespie, for a fee." The second phrase merely explains the first and is not an alternative plea.

■ The phrase "by offering and agreeing to place her mouth on the genitals" refers to and modifies "sexual conduct." Any culpable mental state necessary for the phrase is supplied by the word to which it refers. If appellant *knowingly* offered and agreed to engage in sexual conduct, she necessarily knowingly offered and agreed to place her mouth on C.P. Gillespie's genitals. *See Jason v. State*, 589 S.W.2d 447 (Tex.Crim.App.1979). We overrule ground of error three.

■ Ground of error four asserts that the trial court improperly charged the jury because the charge failed to allege a culpable mental state with respect to the offense. Appellant, however, failed to make this objection to the charge at trial. Failure to object to the charge waives all but fundamental error on appeal. *Thomas v. State*, 605 S.W.2d 290 (Tex.Crim.App.1980). Because appellant failed to preserve this ground for appellate review and we find no fundamental error, we overrule ground of error four.

In grounds of error five and six, appellant claims that the trial court improperly defined deviate sexual intercourse both in the charge and in the information. We disagree.

■ "Subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient." *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App.1980). The information in our case is legally sufficient, as is the jury charge which follows it.

■ Sexual conduct includes deviate sexual intercourse. Tex.Penal Code Ann. § 43.01(4) (Vernon 1974). Tex.Penal Code Ann. § 43.02 (Vernon 1974) provides that it is an offense to offer or agree to engage in sexual conduct for a fee. Tex.Penal Code Ann. § 43.01 (Vernon 1974), which defines deviate sexual intercourse does not speak to an offer or agreement. The information and charge in our case merely applied the statutory language of the definitions.

■ Furthermore, appellant did not make this objection to the jury charge, and therefore, preserved nothing for review. *Thomas v. State*, 605 S.W.2d 290 (Tex. Crim.App.1980). We overrule grounds of error five and six.

Ground of error seven contends that a variance existed between the court's charge and the information, because the court charged that appellant could be found guilty upon a finding that she "knowingly offered *or* agreed to engage in sexual conduct by ... offering *or* agreeing ...", and the information alleged that appellant "knowingly offered *and* agreed to engage in sexual conduct by offering *and* agreeing ..."

■ It is not error to plead in the conjunctive and charge in the disjunctive. *Cowan v. State*, 562 S.W.2d 236 (Tex.Crim. App.1978). Appellant claims, however, that because the phrase is descriptive of the offense and is an allegation of the manner and means of the offense, the State and the trial court cannot substitute "or" for "and".

■ When the information alleges several ways of committing an offense, proof of any of the ways of committing the offense justifies the conviction. *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Crim.App. 1981). In our case, the offense could have

occurred if appellant knowingly "offer[ed] to engage, agree[d] to engage, or engage[d]" in sexual conduct for a fee. Tex. Penal Code Ann. § 43.02(a)(1) (Vernon 1974). Proof of any of these three manners of committing the offense was sufficient to support the conviction; therefore, the court did not err by charging the jury in the disjunctive. We overrule ground of error seven.

In ground of error eight, appellant alleges that the evidence was insufficient to show that the sexual activity was for a fee. We disagree.

■ The record shows that appellant was present during the conversation which took place prior to the exchange of money and for the payment. Later, when Officer Gillespie told appellant what he wanted, she said, "This is covered in the other money you gave." The evidence was sufficient to show that appellant offered or agreed to the sexual conduct for a fee. We overrule ground of error eight.

Grounds of error nine and ten attack the constitutionality of § 43.02 of the Penal Code. Ground of error nine claims that the statute violates the First Amendment because it permits prosecution for a mere verbal statement. Ground of error ten asserts that the statute is unconstitutionally vague. We disagree.

■ A statute which regulates speech to a certain extent will not necessarily be overturned so long as its effects on speech are incidental to the lawful purposes for which it is enacted. *Cameron v. Johnson*, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968). Some impact on speech is permissible if a government regulation:

> ... is within the constitutional power of the Government; it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.

*United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968).

Regulation of prostitution is important to the substantial government interest of protecting citizens' health and safety. The regulation is not related to suppression of free expression and the incidental restriction is no greater than necessary to further the substantial government interest. *See Tisdale v. State,* 640 S.W.2d 409 (Tex.App.-San Antonio 1982, pet. ref'd).

The Court of Criminal Appeals has previously responded to claims that § 43.02 is vague, and held that the statute is not unconstitutionally vague. *McCarty v. State,* 616 S.W.2d 194 (Tex.Crim.App.1981). *See also Ozack v. State,* 646 S.W.2d 941 (Tex.Crim.App.1983). We overrule grounds of error nine and ten.

In grounds of error eleven, twelve and thirteen, appellant claims that appellant could not be convicted through the uncorroborated testimony of an accomplice to the offense, Officer Gillespie. These points are multifarious and preserve nothing for review. *Ely v. State,* 582 S.W.2d 416 (Tex. Crim.App.1979).

Furthermore, even if appellant had preserved these grounds, they are without merit. An undercover agent is not an accomplice so long as he does not bring about the crime, but merely obtains evidence of it. *Parr v. State,* 606 S.W.2d 928 (Tex.Crim.App.1980); *Lopez v. State,* 574 S.W.2d 563 (Tex.Crim.App.1978). The record does not suggest that Officer Gillespie originated this crime or that he was acting in any capacity other than that of a police officer collecting evidence. We overrule grounds of error eleven, twelve and thirteen.

Finally, ground of error fourteen asserts that the trial court erred in overruling appellant's Motion for Mistrial when the State asked questions concerning another woman apparently arrested at the same location. We disagree.

The prosecutor asked Officer Gillespie: "Did your partner, Officer Rushing, make a case against the girl that he went up to the room with?" Defense counsel objected as follows: "Your Honor, I object because that's irrelevant and immaterial and highly prejudicial and I ask for a mistrial." The court sustained the objection and instructed the jury to disregard the question, but overruled the Motion for Mistrial.

First, a general objection does not preserve error. *Gutierrez v. State,* 628 S.W.2d 57 (Tex.Crim.App.1980). The objection "irrelevant and immaterial" is a general objection. *Euziere v. State,* 648 S.W.2d 700 (Tex.Crim.App.1983); *Carr v. State,* 600 S.W.2d 816 (Tex.Crim.App.1980).

Furthermore, on appeal appellant contends that this question raised impermissible inferences, a different objection than that raised at trial; therefore, nothing is preserved for review. *Nelson v. State,* 607 S.W.2d 554 (Tex.Crim.App.1980).

Finally, an instruction to disregard will cure error caused by improper question, except in extreme cases where it appears to be calculated to inflame the minds of the jurors, and is of such character as to be impossible to withdraw it from the juror's minds. *Seaton v. State,* 564 S.W.2d 721 (Tex.Crim.App.1978); *See Royster v. State,* 622 S.W.2d 442 (Tex.Crim. App.1981). Even if appellant had preserved this ground of error, the courts instruction would have curred any error caused by the question. We overrule ground of error fourteen.

Accordingly, we affirm the judgment of the trial court.