Dwight CHILDS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–87–00331–CR, 04–87–00332–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 21, 1988.

Vernon D. Flourney, Law Offices of Vernon D. Flourney, San Antonio, for appellant.

Stella Saxon, Asst. Dist. Atty., Karnes City, for appellee.

Before CADENA, C.J., and CANTU and DIAL,* JJ.

## OPINION

CANTU, Justice.

Appellant was found guilty by a jury of the offense of constructive delivery of marihuana. Punishment was assessed by the trial court at ten (10) years' confinement and a $1,000.00 fine. The appeal from that conviction is now before us under our cause number 04–87–00332–CR. Also presently before us, in our cause number 04–87–00331–CR, is appellant's appeal from the revocation of his probation. After being initially placed on probation for the offense of possession of marihuana, appellant's probation was revoked based upon the same evidence adduced during the trial for delivery of marihuana, as well as evidence of failure to pay fine, court costs and probation fees. Appellant received a five (5) year sentence in this cause. In these appeals, appellant asserts that the "credible evidence" is insufficient to sustain the conviction and revocation of probation.

In order to address appellant's contentions, a brief summary of the evidence presented by the State is necessary.

On September 6, 1986, Atascosa County Sheriff's Investigator David Soward received information from his informant, Juan Guerra, to proceed to Pleasanton, Texas and establish surveillance of Guerra's apartment. Juan Guerra was working as an undercover narcotics informant for the sheriff's department. Guerra was wearing a hidden radio body transmitter and Deputy Soward had the receiver with him in his car. Deputy Soward went to Pleasanton and began surveillance. Guerra made two unsuccessful attempts to contact appellant at appellant's residence and returned to his own apartment. Eventually, Deputy Soward observed a car pull into Guerra's driveway. Soward recognized appellant as the driver of the vehicle. Two

* Associate Justice Preston H. Dial, Jr., not participating.

passengers in the vehicle were identified as Henry Childs, appellant's brother, and Michael Albrecht. Soward observed Henry Childs exit the car and go to Guerra's apartment. Monitoring and recording the transmission from the hidden transmitter worn by Guerra, Soward heard Henry Childs tell Guerra, "We got you two of them." Appellant and Albrecht left the car and went to Guerra's apartment. Soward heard Guerra ask appellant how much the weed weighed and appellant replied that as light as it was he was not sure. Guerra then asked appellant how much he had paid for the marihuana. Appellant responded: "Thirty dollars a bag." Soward testified that appellant, Henry Childs, and Guerra then discussed the prices and availability of marihuana. Appellant said that he needed to get some pocket scales in order to weigh the marihuana to make sure he wasn't getting ripped-off when he was buying it. Appellant also asked Guerra to let him know if the marihuana was any good. Shortly thereafter, Soward observed the three men drive off in the same car in which they arrived. Appellant was driving the car. A few minutes later, Guerra left the apartment and got into his car. Guerra followed Soward out of town and at a certain location, turned over to Soward the two baggies of marihuana.

James Waller, a chemist with the Texas Department of Public Safety, tested the material from the two bags and determined that this material constituted eleven (11) grams of marihuana.

The next witness called by the State was the informant, Juan Antonio Guerra. Guerra initially testified that it was appellant who arrived at Guerra's door with the two baggies of marihuana. Guerra also indicated that he paid appellant for the marihuana. After being allowed to listen to the tape recording of the transaction as recorded on the receiving unit used by Soward, Guerra admitted that it was Henry Childs who actually gave him the two baggies of marihuana. Guerra also admitted that he paid the money directly to Henry Childs and not appellant.

In light of this change in Guerra's testimony, appellant asserts, in effect, that Guerra's testimony is not credible and thus the evidence is insufficient to sustain his conviction.

Appellant fails to perceive that as triers of the facts, it is the jury who judges the credibility of the witnesses and the weight to be given their testimony, being free to accept or reject all or part of the testimony of any witness. *See Thomas v. State*, 605 S.W.2d 290 (Tex.Crim.App.1980). The entire tape was admitted into evidence and played for the jury.[1] Soward had identified the voices on the tape and his identification of those voices corresponded with that given by Guerra after Guerra listened to the tape. The jury was free to accept Guerra's testimony after his memory had been refreshed by listening to the tape recording.

Guerra also testified that he made the deal to purchase the marihuana with appellant and not Henry Childs. Guerra testified that appellant told him that he, appellant, had to go to a source in San Antonio to obtain the marihuana. According to Guerra, Henry Childs did not have a car and could not have driven to San Antonio himself to obtain the marihuana.

In order to show a constructive transfer of drugs, it must be shown that the transferor, prior to the alleged delivery, has either direct or indirect control of the substance transferred and that the transferor must know of the existence of the transferee. *Daniels v. State*, 754 S.W.2d 214 (Tex.Crim.App.1988). Clearly, the State's evidence, as presented, was sufficient for a rational trier of fact to find the essential elements of a constructive delivery of marihuana as charged in the indictment.

The trial court took judicial notice of this same evidence and found it sufficient to support one of the grounds alleged for revoking of appellant's probation. The evidence judicially noted was sufficient to support the trial court's decision revoking pro-

---

1. The tape recording was not included in the appellate record.

bation and no abuse of discretion on the part of the trial court has been shown.

Appellant also asserts that the trial court erred in revoking his probation upon the failure to pay the fine, court costs and probation fees. Appellant states that he showed his inability to pay these fees due to his loss of employment as a result of a disabling injury. Having found one sufficient ground to support the trial court's order, we need not address this ground. *See Moore v. State,* 605 S.W.2d 924 (Tex. Crim.App.1980).

Appellant's points of error challenging the sufficiency of the evidence in each cause are overruled.

The judgment of the trial court, in each cause, is affirmed.