Shugars v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-188-CR





KIM CHA SHUGARS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY, 


NO. 330,779, HONORABLE STEVE RUSSELL, JUDGE



 





PER CURIAM


 A jury found appellant guilty of prostitution. Tex. Pen. Code Ann. § 43.02 (1989). 
The trial court assessed punishment at confinement for 30 days and a $750 fine. In a single point
of error, appellant contests the sufficiency of the evidence to prove that she agreed to have sexual
intercourse for a fee. 

 The State's sole witness, Officer Richard McFadin, testified that on November 28,
1989, at 11:40 p.m., he went to a business called NuSpa. Access to the building was controlled
by electronic locks on both the front and back doors and was monitored by cameras. McFadin
pushed a buzzer and appellant, clad in a string bikini, allowed him entry. Once inside the lobby,
appellant asked if McFadin wanted a massage and he said, "Yes." Appellant led him down a hall
to a room furnished with a bed, chair, and table, and asked how long a massage McFadin wanted,
quoting the price for either an hour or half-hour session. McFadin elected the one-hour session
and paid appellant the $100 fee. Appellant told McFadin to get ready and left the room. McFadin
disrobed and lay face-down on the bed.

 When appellant returned, she knelt on the bed and began massaging McFadin's
back. The two conversed and, after about five minutes, McFadin removed appellant's top,
without comment by appellant. When McFadin started to tug at the bottom of her bikini,
appellant lifted herself from the bed to assist him. McFadin then stated, "I really like it doggie
style." Appellant asked what that was and McFadin said, "I fuck you from behind while you are
on your hands and knees." Appellant expressed concern that she might get in trouble. McFadin
told her that he would not fall in love with her, but that he would come back to see her if she were
good, to which appellant replied, "Oh, I am good." McFadin asked, "Then it is okay?" and
appellant, after being assured that McFadin was not a police officer, got onto her hands and knees
on the bed. 

 Officer McFadin then asked appellant whether he would have to pay any more, and
appellant told him, "You paid for a massage." McFadin replied, "I know. But will I have to pay
some more for some pussy or is that enough," to which appellant responded, "No; no more
money." McFadin then identified himself as a police officer and arrested appellant. They had
been in the room about 15 minutes.

 The record shows that appellant personally negotiated the fee with Officer McFadin
and accepted payment from him. When McFadin later told appellant that he wanted sex, she told
him that "no more money" would be necessary. Viewing the evidence in the light most favorable
to the judgment, we conclude that a rational juror could have found, beyond a reasonable doubt,
that appellant agreed to sexual intercourse for a fee. Austin v. State, 794 S.W.2d 408 (Tex. App.
1990, pet. ref'd); Young Sun Lee v. State, 681 S.W.2d 656 (Tex. App. 1984, pet. ref'd). We
overrule point one and affirm the judgment of the trial court.


[Before Chief Justice Carroll, Justices Jones and Smith]


Affirmed


Filed:  April 24, 1991


[Do Not Publish]