Larry Keene KEETON, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00114–CR.

Court of Appeals of Texas,
El Paso.

June 28, 1989.

Discretionary Review Granted
Nov. 1, 1989.

John D. Nation, Dallas, for appellant.

Carolyn Fitz–Gerald, Asst. Dist. Atty., Dallas, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

In a trial to the court, LARRY KEENE KEETON, Appellant, was convicted of the offense of theft of property of the value of $750.00 or more but less than $20,000.00. The court, after finding one enhancement

paragraph of the indictment to be true, assessed punishment at twenty years in prison. We affirm.

This appeal is brought on one point of error: the evidence was insufficient to support a conviction for felony theft of the third degree, i.e., the evidence was insufficient to show that the property stolen had a fair market value of $750.00 or more on the day of the theft. The undisputed facts, as shown by the evidence, were that on December 14, 1987, Appellant entered the Montgomery Ward store in North Town Mall and took two boxed Smith–Corona typewriters from the store without paying for them. The testimony on value was that the typewriters in question had a fair market value of $479.99 each in Dallas, Texas, a total of "a little less than $960.00," but on cross-examination, the witness admitted that she did not know what the same model of typewriter sold for at competitor's stores and that the price of $479.99 was the value assigned to the typewriters for accounting and inventory purposes by the Chicago office. It was stipulated that on December 14, they were on sale for $359.99 each at the Dallas store. At the sale price, the total for the two machines came to $719.98, an amount which would make the offense a Class A misdemeanor. Tex.Penal Code Ann. sec. 31.03(e)(3) (Vernon 1989). It is Appellant's contention that the sale price, on the day of the theft, established the fair market value, which we take to mean, as a matter of law.

■ The value of stolen property is the fair market value of the property at the time and place of the offense. Tex.Penal Code Ann. sec. 31.08(a)(1) (Vernon 1989). "Fair market value" is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. *Senters v. State*, 163 Tex.Crim. 423, 291 S.W.2d 739, 740 (1956). *Hall v. State*, 730 S.W.2d 7, 9 (Tex.App.—San Antonio 1987, PDRR). The fact that the stolen property may have sold on the day of the offense for a lesser amount than the retail price would only be some evidence of the property's fair market value. *Oliver v. State*, 613 S.W.2d 270, 274 (Tex.Crim.App.

1981). If that was not true, it would be impossible to buy an item below its fair market value, regardless of its sale or bargain price.

■ In this case, there was some evidence that the property stolen had a total market value of more than $750.00 and some evidence that it was worth less than $750.00 at the time and place of the offense. The trier of fact, in this case the court, was the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Thomas v. State*, 605 S.W.2d 290 (Tex.Crim.App.1980); *Daniels v. State*, 600 S.W.2d 813 (Tex.Crim.App. 1980); *Cantu v. State*, 625 S.W.2d 56 (Tex. App.—San Antonio 1981, no pet.). He was presented with choices as to fair market value from which he could and did make his determination that the property had a value of $750.00 or more. *Logan v. State*, 720 S.W.2d 669, 671 (Tex.App.—San Antonio 1986, no pet.). We are not in a position to second guess that determination. Accordingly, the point of error is overruled.

The judgment of conviction is affirmed.