NO. 07-00-0128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 28, 2001

_____


ROY DAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3196; HONORABLE JACK D. YOUNG, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant Roy Day was convicted by a jury of theft by check and punishment was assessed at 180 days confinement in the Lamb County Jail. By a sole point of error, appellant contends the evidence is legally insufficient to support his conviction. Based upon the rationale expressed herein, we affirm.

On March 28, 1995, appellant purchased farm implement parts for a tandem disk from Thompson Implement, Inc. and also incurred installation charges. Appellant made his purchase by check in the amount of $263.54. The check was twice presented to Thompson Implement's bank, and on April 24, 1995, the check was returned with a notation indicating appellant did not have sufficient funds. On August 1, 1995, Thompson Implement notified appellant by letter that his account was being turned over to its lawyer for collection. A demand letter was sent to appellant by Thompson Implement's lawyer, but no response or payment was made. Resultantly, the dishonored check was forwarded to the Lamb County Attorney who notified appellant on October 12, 1995, that failure to resolve the matter might result in his arrest. A reminder was mailed to appellant by the County Attorney on November 1, 1995. Appellant was charged and convicted of theft by check of property valued at $20 or more, but less than $500.

Appellant's sole contention on appeal is that the evidence is legally insufficient to support his conviction because the State failed to prove the value of the stolen property pursuant to section 31.08 of the Texas Code of Criminal Procedure. We disagree. In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28

S.W.3d 570, 573 (Tex.Cr.App. 2000). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Appellant contends the State failed to prove the value of the property he allegedly stole. Value is the fair market value of the property at the time and place of the offense. Tex. Pen. Code Ann. § 31.08 (Vernon 1994). To establish value, the State must prove the fair market value of the property in question. Sullivan v. State, 701 S.W.2d 905, 908 (Tex.Cr.App. 1986). "Fair market value" is the amount of money the property in question would sell for in cash, given a reasonable time for selling it. Keeton v. State, 774 S.W.2d 716, 717 (Tex.App.–El Paso 1989), *aff'd*, 803 S.W.2d 304 (Tex.Cr.App. 1991). An owner is competent to testify to the value of property in general and commonly understood terms. Johnson v. State, 676 S.W.2d 416, 418 (Tex.Cr.App. 1984); Morales v. State, 2 S.W.3d 487, 488 (Tex.App.–Texarkana 1999, pet. ref'd), citing *Sullivan*. When an owner testifies, it is presumed that he is testifying to an estimate of the fair market value and if the defendant wishes to rebut the owner's testimony, he must offer controverting proof of the value of the property. *Sullivan*, 701 S.W.2d at 909.

3

Mike Perry, who was manager and part owner of Thompson Implement at the time of the incident, testified that on March 28, 1995, appellant purchased parts for a tandem disk and had the service department install some of the parts. The State introduced appellant's check into evidence without objection. Perry testified that the amount of the check was $263.54. He also testified regarding an itemized invoice listing a breakdown of costs for the parts and labor purchased. This exhibit was also introduced without objection. Appellant did not offer any testimony or introduce any evidence to rebut Perry's testimony of the value of the property. Considering that Perry was in the business of selling farm implements, his testimony and the exhibits established the value of the stolen property for purposes of the value statute. We conclude the evidence was legally sufficient to prove the value element of theft by check. Appellant's sole contention is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.