**David Dan VALDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–00–00608–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 24, 2002.

Discretionary Review Refused
Nov. 6, 2002.

J.C. Castillo, Houston, for appellant.

Carmen Castillo Mitchell, for appellee.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Appellant, David Dan Valdez, was convicted by a jury of the offense of felony theft of property with a value of over $200,000. In five points of error, appellant contends: (1) the evidence was legally insufficient on the evidence of value to support his conviction; (2) the evidence was factually insufficient on the evidence of value to support his conviction; and (3) the trial court erred in finding the State had complied with a discovery order, and such error violated his rights under the United States Constitution, the Texas Constitu-

tion, and article 39.14 of the Texas Code of Criminal Procedure. We affirm.

Appellant was apprehended on April 2, 1999, during his efforts to sell a truckload of stolen Compaq computer components to an undercover police officer for $100,000. The stolen materials, consisting of eighty-five different parts in varying quantities contained in more than six hundred boxes, were subsequently inventoried by a transportation investigator at Compaq and valued at over $260,000. According to the testimony of the investigator, this value reflected the lowest number of either (1) the price paid in bulk wholesale, or (2) the price for which the company could have bought an item prior to or after the actual purchase of the item if it could have been purchased for a lower price. Appellant was provided with the victim's internal identification number (the "part number") for each item, the number of parts in the stolen shipment, the dollar value of each part, and the total value. In addition, appellant was provided with sample documents providing a brief technical description of certain of the stolen items. Following delivery of this information to appellant, the stolen items were placed back into inventory for production.

Thereafter, upon appellant's motion, on October 28, 1999, the trial court granted his requested discovery order for an inspection of the computer parts and components for the purpose of appraising their value, noting that the inspection was to be done "whenever possible." After jury selection on March 27, 2000, appellant's counsel informed the trial court that the components had been returned to inventory and thus were unavailable for inspection, and that the value of the components could not be ascertained from the records provided. Appellant averred that without the number used to identify each part in the secondary market (the "spare part number"), he could not retain an expert to estimate the value of the stolen shipment. Appellant contended the part number provided by the State was unique to the Compaq's manufacturing processes and inventory-tracking system, and of no use to an outside expert. The State responded that all of the information regarding value had been provided to appellant, that the investigator would testify as to fair market value based on the price paid for the items or the lowest possible price for which they could have been purchased, and that any other evidence of market value was irrelevant. The trial court agreed, finding that the State had complied with the discovery order.

■ In his first point of error, appellant complains the evidence was legally insufficient on the evidence of value to support his conviction. Specifically, appellant contends the State's valuation, being based upon the price paid for the items or the lowest possible price that could have been paid, without reference to any date of purchase or adjustment for depreciation, did not show the fair market value of the stolen parts at the time of the offense.

■ When reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000). We consider all of the evidence, whether properly or improperly admitted. *Green v. State*, 893 S.W.2d 536, 540 (Tex.Crim.App. 1995); *Chambers v. State*, 805 S.W.2d 459, 460 (Tex.Crim.App.1991). Moreover, in determining legal sufficiency, we do not examine the fact finder's weighing of the evidence, but merely determine whether there is evidence supporting the verdict. *Clewis v. State*, 922 S.W.2d 126, 132 n. 10 (Tex.Crim.App.1996).

 Appellant was indicted for the offense of felony theft of property with a value of over $200,000. The Texas Penal Code, in pertinent part, defines value in theft prosecutions as follows:

(1) the fair market value of the property or service at the time and place of the offense; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

TEX. PEN.CODE ANN. § 31.08(a) (Vernon Supp.2001). Fair market value, though not statutorily defined, is defined by case law as the amount the property would sell for in cash, giving a reasonable time for selling it. See *Keeton v. State*, 803 S.W.2d 304, 305 (Tex.Crim.App.1991).[1] However, "[w]here the owner of property testifies that a short time before the theft he paid a certain sum of money for the property, this is sufficient to make a prima facie case of the fair market value of the item unlawfully taken." *Anderson v. State*, 871 S.W.2d 900, 903 (Tex.App.-Houston [1st Dist.] 1994, no pet.). Further, an owner may testify either in terms of purchase price or replacement cost, and is presumed to be testifying to an estimation of fair market value. See *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex.Crim.App.1986) (noting that "[t]o hold otherwise would be to make the wholly unwarranted presumption that the owner is basing his estimate on sentimental value").

As aforementioned, a Compaq transportation investigator testified as to their fair market value. In arriving at a figure of $260,042.05, the investigator calculated (1) the price paid in bulk wholesale for each item, or (2) the price for which the company could have bought an item prior to or after the actual purchase of the item, if it could have been purchased for a lower price. The trend analysis used for the latter calculations spanned a period between the date the item was actually purchased and April 5, 1999. Thus, the testimony of the investigator established the lowest price at which the stolen items could have been purchased as of, at the latest, three days after appellant offered them to the police. Given the obvious difficulties in valuing such electronic components stolen piecemeal (albeit in bulk), the investigator's testimony was sufficient for a rational trier of fact to find that the fair market value of the items stolen exceeded $200,000. Appellant's first point of error is overruled.

In his second point of error, appellant contends the evidence regarding the value of the stolen items was factually insufficient to support his conviction. Specifically, appellant contends the State's valuation did not show the fair market value of the stolen parts at the time of the offense and was against the great weight of the evidence.

 When reviewing claims of factual insufficiency, it is our duty to examine the jury's weighing of the evidence. *Johnson v. State*, 23 S.W.3d 1, 6 (Tex.Crim.App. 2000). In other words, we must view all the evidence "without the prism of 'in the light most favorable to the prosecution,' [i.e., views the evidence in a neutral light,] and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id.* at 7 (quoting *Clewis*, 922 S.W.2d at 129). Thus, when reviewing factual sufficiency challenges, appellate

---

1. The definition of fair market value may, perhaps, be better expressed as "the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying." *Keeton*, 803 S.W.2d at 306–07 (Clinton, J., concurring).

courts must determine "whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Id.* at 11.

 As aforementioned, a transportation investigator employed by Compaq testified the value of the parts stolen amounted to $260,042.05, based on calculations that established the lowest price at which the items could have been purchased as of, at the latest, three days after appellant offered them for sale to the undercover police. In order to rebut this presumed fair market value, appellant must not merely impeach the investigator's credibility during cross-examination; rather, he must offer controverting evidence as to the value of the property. *Sullivan,* 701 S.W.2d at 909. Appellant, as a self-employed individual in the business of purchasing scrap or obsolete computer equipment or excess inventory, asserts his own testimony as to the worth of the parts provides such a rebuttal as to the investigator's valuation. Although his testimony is unclear, appellant apparently determined whether and for how much *he* could sell certain of the stolen items in determining a total value of between $35,000 and $100,000. Appellant's calculation is thus based on a fundamental misperception regarding the valuation of stolen items: the relevant market is not that of the thief, but of the party from whom the item was stolen.

 Even were we to accept that appellant arrived at his valuation through consideration of the items' worth as new computer parts in the primary market, where contradictory evidence is presented to the jury as to value, it is the duty of the jury to resolve any conflicts in the evidence. *See, e.g., Keeton v. State,* 774 S.W.2d 716, 717 (Tex.App.-El Paso 1989,

no pet.), *aff'd,* 803 S.W.2d 304, 306 (Tex. Crim.App.1991) (presenting trier of fact with two values to choose between in determining fair market value). In this case, the jury determined that the value of the property was more than $200,000. A reviewing court should not second guess that determination. *Keeton,* 774 S.W.2d at 717. Appellant's second point of error is overruled.

In his third and fourth points of error, appellant complains the trial court erred in finding the State had complied with the October 28, 1999, discovery order, and such error violated his due process rights. Specifically, appellant contends the trial court's refusal to require discovery of the spare part numbers unfairly prevented him from rebutting the State's evidence on value.

 The denial of a proper discovery request, either during or before trial, may violate a defendant's due process rights. *Thomas v. State,* 837 S.W.2d 106, 111–12 (Tex.Crim.App.1992); *Ealoms v. State,* 983 S.W.2d 853, 860 (Tex.App.-Waco 1998, pet. ref'd). Here, appellant made a request on the day of trial that the State be ordered to provide him with spare part numbers. There is no showing in the record before us, however, that the State was in possession of such information. Appellant's counsel asserted that the Compaq investigator had informed him that the spare part numbers could be ascertained for each component in a few days. When the trial judge asked the State's attorney if the information was available, the prosecutor replied that he had not been privy to the discussions between appellant's counsel and the Compaq investigator. The prosecutor said he would have to call Compaq to ascertain whether the information was available.

■ Appellant was armed with the right of compulsory process; thus, he had the same ability as the State to subpoena records and request information from Compaq. In discovery matters, the State's attorney is answerable only for evidence in his direct possession or in the possession of law enforcement agencies. Accordingly, we find appellant cannot predicate error on the trial court's refusal to order the State to turn over information it did not possess. *See* TEX.CODE CRIM. PROC. ANN. art. 39.14(a) (Vernon Supp. 2001); *Turpin v. State,* 606 S.W.2d 907, 915 (Tex.Crim.App.1980) ("Where there is no showing that ... the items sought are in the possession of the prosecution, the defendant is not entitled to relief on appeal."); *see also Perez v. State,* 590 S.W.2d 474, 479 (Tex.Crim.App.1979).

Similarly, in his fifth point of error, appellant contends the trial court erred in finding the State had complied with the October 28, 1999, discovery order, and such error violated article 39.14 of the Texas Code of Criminal Procedure. Specifically, appellant contends the trial court's refusal to require discovery of the spare part numbers unfairly deprived him of obtaining an independent valuation of the stolen parts.

■ Article 39.14(a), governing the inspection of evidence in a criminal case, provides in pertinent part:

> Upon motion of the defendant showing good cause therefor and upon notice to the other parties, the court in which an action is pending may order the State before or during trial of a criminal action therein pending or on trial to produce and permit the inspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, ..., books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.

TEX.CODE CRIM. PROC. ANN. art. 39.14(a) (Vernon Supp.2001). The right to inspect evidence is qualified, however, " 'where the evidence is not available for inspection, such as when the evidence has been destroyed in the process of analysis.' " *Bell v. State,* 866 S.W.2d 284, 288 (Tex.App.-Houston [1st Dist.] 1993, no pet.) (quoting *McBride v. State,* 838 S.W.2d 248, 251 n. 6 (Tex.Crim.App.1992)).

In his motion to examine the evidence alleged in the indictment, filed October 5, 1999, appellant requested the trial court allow defense experts to inspect the computer parts and components so that their value could be appraised. As aforementioned, although examination was permitted "whenever possible," the stolen items had been returned to their owner's inventory several months before the request was made, and appellant does not now complain of their restoration. Rather, appellant complains on appeal only of the State's failure to produce spare part numbers for each item. As we already have noted, appellant nowhere shows that these spare part numbers were in the possession of the State. Accordingly, we overrule appellant's fifth point of error.

The judgment of the trial court is affirmed.