Affirmed and Memorandum Opinion filed January 26, 2006









Affirmed and Memorandum Opinion filed January 26,
2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00610-CR

____________

 

JOHN ANDREW DAVIS,
JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 968,824

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant John Andrew
Davis, Jr. of theft, sentenced him to six years= confinement, and
assessed a fine of $1,000.  In two
issues, appellant challenges the legal sufficiency of the evidence (1) to
sustain a conviction for any offense and (2) to sustain a conviction for a
third degree felony rather than a state jail felony.  We affirm.

                                                  Background








In August 2003,
appellant called Richard Parker, a salesman at an automobile dealership near
downtown Houston, to inquire about a used 1996 Mercedes convertible the
dealership had for sale for $27,500. 
Soon thereafter, appellant came in to look at the vehicle and asked if
he could take the car to a mechanic.  The
dealership owner granted appellant permission to take the car, and appellant
returned the next day with a list of repairs. 
Appellant negotiated the sales price with Parker and the owner, and they
agreed on $22,000 for the car Aas is@ and $24,500 if
the dealership made the repairs.  Though
this price agreement was reached, appellant did not agree to buy the car that
day.

Appellant returned on a Friday about a
week later and asked to take the car for the weekend.  His niece, for whom he was considering
purchasing the vehicle, was flying into Houston, and appellant wanted her to
drive it that weekend.  Parker allowed
appellant to take the car over the weekend provided that he return it on
Monday.  However, appellant did not
return the car.  Parker called appellant
several times that Monday, left a voicemail message, and called him every day
for the next ten to twenty days.  Parker
never reached appellant, and appellant never returned Parker=s calls or
otherwise explained his failure to return the car.

The dealership=s general manager,
Bill Driskill, contacted the police, who advised him to send appellant a demand
letter.  The demand letter was returned
as unclaimed, and the dealership ultimately reported the vehicle stolen.  Later that fall, at least several weeks after
appellant failed to return the vehicle, Driskill finally reached appellant, and
he and Parker had a telephone conversation with appellant.  Appellant admitted he still had the car but
claimed he had sent a friend to the dealership with a cashier=s check for
$20,000.  When Driskell and Parker asked
if he could produce a receipt, appellant responded that he would, but he never
did.  After an investigation, the
dealership found no evidence of receiving such a check, which would
nevertheless have been insufficient to complete a complex transaction such as
the sale of a car.  Several months later,
after the police became involved, appellant hired an attorney who sent the
dealership a letter demanding that it honor their oral sales agreement and sell
him the car for $22,000, which had been deposited into the attorney=s trust
account.  The dealership refused.








Appellant was charged with felony theft
and convicted.  This appeal
followed.  In two issues, appellant
challenges the legal sufficiency of the evidence to support his conviction.

                                           Standard of Review

In evaluating a legal‑sufficiency
claim attacking a jury=s finding of guilt, we view the evidence
in the light most favorable to the verdict. 
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App.
2000).  We do not ask whether we believe
the evidence at trial established guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318B19 (1979).  Rather, we determine only whether a rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Cardenas v. State,
30 S.W.3d 384, 389 (Tex. Crim. App. 2000). 
In our review, we accord great deference A>to the
responsibility of the trier of fact [to fairly] resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.=@  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996) (quoting Jackson, 443 U.S. at 319).  We presume that any conflicting inferences
from the evidence were resolved by the jury in favor of the prosecution, and we
defer to that resolution.  Id. at
133 n.13.

                                                      Analysis

Under the Texas Penal Code, a person
commits the offense of theft Aif he unlawfully
appropriates property with intent to deprive the owner of property.@  Tex.
Penal Code Ann. ' 31.03(a) (Vernon Supp. 2005).  This intent to deprive must exist at the time
the property is taken.  Flores v.
State, 888 S.W.2d 187, 191 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d). 
In his first issue, appellant asserts the evidence is legally
insufficient to sustain a conviction for any offense because there is no
evidence he intended to steal the car when he took it and because Athe State=s evidence fell
short on . . . ownership and value.@








Intent to deprive can be inferred from the
circumstances, including the words, actions, or conduct of the defendant.  See Winkley v. State, 123 S.W.3d 707,
713 (Tex. App.CAustin 2003, no pet.); Flores, 888
S.W.2d at 191.  The jury heard evidence
that appellant failed to return the car as promised, failed to contact the
dealership to explain his actions, and failed to return or answer calls.  Appellant also lied about delivering a
cashier=s check to pay for
the car.  This constitutes legally
sufficient evidence of appellant=s intent to steal
the car at the time of taking.  See
Rowland v. State, 744 S.W.2d 610, 613 (Tex. Crim. App. 1988) (holding
that failure to return borrowed truck as promised and never contacting owner
with an explanation is circumstantial evidence of intent to deprive); Amado
v. State, 983 S.W.2d 330, 333 (Tex. App.CHouston [1st
Dist.] 1998, pet. ref=d) (AThe intent to
deprive may be inferred from the failure to return the property.@); Nielsen v.
State, 836 S.W.2d 245, 248 (Tex. App.CTexarkana 1992,
pet. ref=d) (finding
sufficient evidence of intent to deprive, including keeping rental car longer
than rental period without contacting rental company to explain or pay rental
charges and inability to be reached at address given).

Appellant argues the State failed to prove
that he took the car from someone with a greater right of ownership.  The indictment alleged that Parker owned the
stolen vehicle.  Appellant contends that
because Parker ceased working for the dealership on August 30, 2003, Parker was
not the owner at the time of the theft, which appellant contends was at some
point later in time.  However, this
argument fails because the evidence is sufficient to show that appellant
intended to steal the car at the time he took it rather than weeks later when
Parker left.








Appellant emphasizes that he eventually
offered, through his attorney, to pay for the car.  However, the controlling factor is intent,
not length of deprivation.  See
Winkley, 123 S.W.3d at 713 (AAppellant=s intent is what
is relevant rather than the actual length of deprivation, since there is no
duty to show that an actual deprivation occurred.@); Menke v.
State, 740 S.W.2d 861, 864 (Tex. App.CHouston [14th
Dist.] 1987, pet. ref=d) (holding that A[e]ven if a taking
later becomes temporary, the temporary nature of the taking does not
automatically negate intent to deprive the owner permanently@).  Further, offering to pay for the car several
months later after the police are involved does not negate an offense for the
full value of the property.  See
Newman v. State, 115 S.W.3d 118, 122 (Tex. App.CTexarkana 2003, no
pet.) (ASubsequent
replacement of all or part of the property or replacing the property with other
similar property does not defeat prosecution for the full value of the original
property.@); Menke, 740 S.W.2d at 864 (AMenke=s return of [part
of the stolen money] at the time she learned that she was under investigation
does not indicate that she lacked the necessary intent.@).

We conclude the evidence is legally
sufficient to sustain a felony conviction for theft.  Accordingly, we overrule appellant=s first issue.

In his second issue, appellant complains
the evidence is legally insufficient to sustain a conviction for a third degree
felony rather than a state jail felony. 
Under the Penal Code, the value of the stolen property determines the
level of the offense.  See Tex. Penal Code Ann. ' 31.03(e) (Vernon
Supp. 2005).  Theft of property valued
between $1,500 and $20,000 is a state jail felony whereas theft of property
valued between $20,000 and $100,000 is a third degree felony.  See
id. ' 31.03(e)(4), (5).  The Avalue@ of such property
under the statute means fair market value, which is the amount the property
would sell for in cash, given a reasonable time for selling it.  See id. ' 31.08(a) (Vernon
2003); Keeton v. State, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); Valdez
v. State, 116 S.W.3d 94, 98 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d).








When appellant took the car, it did not
have the convertible hard top, which remained at the dealership.  Appellant argues that the value of the hard
top was at least $3,000, which, if deducted from the sales price of $22,000,
brings the value of the property below the $20,000 threshold for a third degree
felony.  However, Driskill testified that
the fair market value of the vehicle was not the sales price but approximately
$25,000, which he based on the amount the dealership recovered on its insurance
claim plus the deductible the dealership paid. 
The property=s owner is competent to testify to fair
market value, and the amount received from an insurance claim is evidence of
fair market value.  See Valdez,
116 S.W.3d at 98 (noting that Aan owner may
testify either in terms of purchase price or replacement cost, and is presumed
to be testifying to an estimation of the fair market value@); Jimenez v.
State, 67 S.W.3d 493, 506 (Tex. App.CCorpus Christi
2002, pet. ref=d) (holding that evidence of amount paid
on insurance claim is legally sufficient to prove value).  Driskill also testified that the hard top
alone was worthless to the dealership and that the cost of purchasing such a
hard top is between $3,000 and $8,000. 
Thus, assuming the jury determined the fair market value of the car was
$25,000 and deducted $3,000 for the missing hard top, the net value of the car
is still $22,000, well above the third degree felony cutoff.  See Keeton, 803 S.W.2d at 306
(stating that factfinder is entitled to choose between two conflicting values
in determining fair market value); Valdez, 116 S.W.3d at 99 (A[W]here
contradictory evidence is presented to the jury as to value, it is the duty of
the jury to resolve any conflicts in the evidence.@).  This evidence is legally sufficient to
support appellant=s conviction, and we overrule his second
issue.

                                                   Conclusion

Having overruled both of appellant=s issues, we
affirm the trial court=s judgment.

 

/s/      Margaret Garner Mirabal*

Senior Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed January 26, 2006.

Panel
consists of Chief Justice Hedges, Justice Anderson, and Senior Justice Mirabal.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 

*Senior
Justice Margaret Garner Mirabal sitting by assignment.