# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00275-CV

**In the Matter of B.S.S.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-22,438, HONORABLE WILLIAM D. KING, JUDGE PRESIDING**

## MEMORANDUM OPINION

B.S.S. appeals from her adjudication as delinquent based on her commission of the offense of theft of over $50 but less than $500. *See* Tex. Pen. Code Ann. § 31.03(e)(2)(A)(1) (West Supp. 2005). After adjudicating her delinquent, the court placed appellant on probation in the custody of her mother for six months. Appellant contends that the evidence is factually and legally insufficient to support her adjudication. We affirm the trial court's judgment.

## Background

On September 19, 2003, a cell phone and a key chain with an angel pendant, two keys, and a car's remote attached to the chain were stolen from a purse owned by S.N., who attended the same high school as appellant. Later that day, the key chain was found in appellant's possession. She then admitted to a school resource officer that she had stolen the items from the purse and had tried to flush the cell phone down the toilet.

At trial, Michael Nichols, S.N.'s father, testified about the value of the cell phone. He said that when he agreed to a new contract he got a rebate; he paid about $100 for the cell phone, but did not remember the exact amount. He agreed it was more than $50, but not more than $500. On cross-examination he said that he did not remember the exact date when he purchased the cell phone, but that he had "turned some paperwork over earlier with dates on it." He bought it during the summer before the theft. When asked if he knew what the fair market value of the cell phone was on September 19th, 2003, he said "I didn't get on AT&T Wireless to see what it would have been worth at that point in time, no, sir." He also said he had not replaced the cell phone.

## Discussion

In her first point of error, appellant contends that the evidence was legally insufficient to show that the value of the stolen items was $50 or more but less than $500. In her second point of error, she contends that the evidence was factually insufficient to show the requisite value.

### *Standard of Review*

Adjudications of delinquency in juvenile cases are based on the criminal standard of proof. *See* Tex. Fam. Code Ann. § 54.03(f) (West Supp. 2005). To determine whether the evidence is legally sufficient in a juvenile case, an appellate court views the evidence in the light most favorable to the finding and determines whether any rational trier of fact could have found the elements of the offense proven beyond a reasonable doubt. *In re E.P.*, 963 S.W.2d 191, 193 (Tex. App.—Austin 1998, no pet.); *In re M.S.*, 940 S.W.2d 789, 791-92 (Tex. App.—Austin 1997, no writ). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the

2

testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *In re J.D.P.*, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

In a factual-sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution,'" and sets aside the verdict only if it is "so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); *J.D.P.*, 85 S.W.3d at 422-23. In such a review, the court asks whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is too weak or that the contrary evidence is too strong to rationally support a finding of guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004); *J.D.P.*, 85 S.W.3d at 422-23.

### Fair Market Value

Appellant argues that the State failed to prove the value of the stolen property. The State may prove value of stolen property in two ways:

(1) the fair market value of the property or service at the time and place of the offense; or

(2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft.

Tex. Pen. Code Ann. § 31.08(a)(1), (2) (West 2003). Appellant argues that the State did not prove the value of the stolen items under either subsection.[1] Appellant argues that Nichols was never

---

[1] Nichols testified that he had not replaced the cell phone. There was no evidence concerning replacement cost.

expressly asked his opinion of the market value on the day of the theft and so the State failed to prove its case beyond a reasonable doubt. The State argues that the methods to prove fair market value under the statute are more elastic than appellant urges.

"Fair market value" is not statutorily defined. Case law has defined the phrase to mean the amount the property would sell for in cash, given a reasonable time for selling it. *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *Valdez v. State*, 116 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Fair market value can be proven by evidence of the retail price or sale price, by testimony of an owner's opinion of value, or by an expert opinion of value. *Keeton*, 803 S.W.2d at 305; *Ray v. State*, 106 S.W.3d 299, 301 (Tex. App.—Houston [1st Dist.] 2003, no pet.). No one method of proof is exclusive. *Keeton*, 803 S.W.2d at 305; *Ray*, 106 S.W.3d at 301. An owner may testify either in terms of purchase price or replacement cost, and is presumed to be testifying to an estimate of fair market value. *See Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). When the owner of property testifies that a short time before the theft he paid a certain amount of money for the property, this testimony is sufficient to make a prima facie case of the fair market value of the item unlawfully taken. *See Anderson v. State*, 871 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1994, no writ).[2] In order to rebut the presumed market value, appellant must offer controverting evidence as to the value of the property. *Sullivan*, 701 S.W.2d at 909; *Valdez*, 116 S.W.3d at 99.

---

[2] Appellant relies on *Scott v. State* as support for the proposition that an express statement of fair market value is necessary. However, in *Scott*, the stolen car had been purchased seven years before the theft. *See* 741 S.W.2d 435, 436 (Tex. Crim. App. 1987). The only monetary values testified to were the purchase price, which was not recent, and the trade-in value, which may be measured by a different standard than the cash value. *Id*. at 439.

In this case, Nichols[3] testified to the purchase price "sometime during the summer," a time at most a few months before the mid-September theft. He testified as to the amount that he paid for the cell phone. Such testimony is sufficient to make a prima facie case of the fair market value of the cell phone. *See Anderson*, 871 S.W.2d at 903. Appellant presented no evidence to rebut that value. Although appellant argued there may have been depreciation in value or deterioration in the condition of the cell phone between the time of purchase and the time of the theft, no such evidence was presented. Accordingly, the State established a fair market value of greater than $50 but less than $500 on the day of the theft. *See Johnson v. State*, 903 S.W.2d 496, 498 (Tex. App.—Fort Worth 1995, no writ) (although court characterized answer as sarcastic, owner's answer "I hope so" to question whether car was worth over $750 at time of theft enough to establish value as over $750); *see also Jimenez v. State*, 67 S.W.3d 493, 506 (Tex. App.—Corpus Christi 2002, pet. ref'd) (no specific statement concerning market value of stolen truck; however, owner's reference to amount received from insurance company adequate for jury to find value of truck).

## Conclusion

A rational trier of fact could have found that the State proved its case beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *J.D.P.*, 85 S.W.3d at 422. A neutral review of the evidence does not demonstrate that the proof of guilt is so weak or the contrary

---

[3] The term "owner" includes a person who "has title to the property . . . or a greater right to possession of the property than the actor." Tex. Pen. Code Ann. § 1.07(a)(35)(A) (West Supp. 2005). Under that definition both S.N. (possessed cell phone when stolen) and Nichols (S.N.'s father who purchased cell phone) were "owners."

5

evidence so strong that the finding of guilt cannot be supported beyond a reasonable doubt. *Zuniga*, 144 S.W.3d at 484; *J.D.P.*, 85 S.W.3d at 422-23. We affirm the trial court's judgment.

                                            _____

                                            W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: March 2, 2006