

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00412-CR

**SCOTT LOHMAN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 36,752CR

## MEMORANDUM OPINION

Scott David Lohman was convicted of theft of $20,000 or more but less than $100,000, a third degree felony. TEX. PENAL CODE ANN. § 31.03 (West Supp. 2012). Lohman pled true to two prior non-theft felony convictions and was sentenced to 75 years in prison. Because the evidence is sufficient to prove the market value of the property stolen was $20,000 or more but less than $100,000, we affirm the trial court's judgment.

Jamey Stephens, a local farmer, noticed one day that a gate to his acreage was open. He did not notice anything missing at that time. A few days later, after a friend asked whether Stephens moved his hay baler, Stephens noticed that it was gone. Lohman admitted to taking the baler and selling it for scrap. In one issue, Lohman argues that the evidence is insufficient to prove the value of the hay baler was $20,000 or more.

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the

prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits a third degree felony theft if he unlawfully appropriates property with intent to deprive the owner of property and the value of the stolen property is $20,000 or more but less than $100,000. TEX. PENAL CODE ANN. § 31.03(a), (e)(5) (West Supp. 2012). The "value" of such property under the statute means fair market value, which is the amount the property would sell for in cash, given a reasonable time for selling it. *See* TEX. PENAL CODE ANN. § 31.08(a) (West 2011); *Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *Valdez v. State*, 116 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

When the owner of the property testifies as to the value of the property, he may testify as to his opinion or estimate of the value of the property in general and in commonly understood terms. *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986). Testimony of this nature is an offer of the witness' best knowledge of the value of

his property. *Id*. Such testimony will constitute sufficient evidence for the trier of fact to make a determination as to value based on the witness' credibility. *Id*. This is true even in the absence of a specific statement as to "market value" or "replacement value." *Id*. Further, when an owner testifies, the presumption must be that the owner is testifying to an estimation of the fair market value. *Id*.; *Trammell v. State*, 511 S.W.2d 951, 954 (Tex. Crim. App. 1974). The owner may reasonably be understood to be testifying as to the fair market value of the property either in terms of the purchase price or the cost to him of replacing the stolen property. *Sullivan*, 701 S.W.2d at 909.

Stephens testified that he purchased the hay baler for "somewhere around $24,000." When shown the amortization schedule from his 2011 tax return for 2011, Stephens noted that it reflected the amount he paid and financed for the baler was $17,877. However, Stephens traded in another baler for $6,500, making the purchase price for the stolen baler over $24,000. Stephens also testified that, after paying a $500 deductible, his insurance company paid him approximately $20,500 for the baler. On cross-examination, Stephens testified that his 2011 tax return showed the sales price of the baler as $22,516 and that the depreciation cost was $10,125.

As the owner of the baler, Stephens was permitted to testify as to the fair market value of the baler in terms of the purchase price. *See Sullivan*, 701 S.W.2d at 909. Further, testimony from the property owner of what was paid by insurance has been held to be sufficient evidence of fair market value. *See Jimenez v. State*, 67 S.W.3d 493,

506 (Tex. App.—Corpus Christi 2002, pet. ref'd). Although there was conflicting testimony about the value of the baler, the factfinder was entitled to choose between conflicting values in determining the fair market value of the baler. *See Keeton v. State*, 803 S.W.2d 304, 306 (Tex. Crim. App. 1991); *Valdez v. State*, 116 S.W.3d 94, 99 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) ("[w]here contradictory evidence is presented to the jury as to value, it is the duty of the jury to resolve any conflicts in the evidence.").

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient for the jury to determine that the value of the property stolen was over $20,000. Lohman's sole issue is overruled.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed October 10, 2013
Do not publish
[CRPM]