In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00083-CR
_____

THE STATE OF TEXAS, Appellant

V.

PHILLIP EDWARD NORWOOD, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 10-01-00746 CR

MEMORANDUM OPINION

Phillip Edward Norwood was indicted for possession of a controlled substance with intent to deliver/manufacture. Pursuant to a motion for disclosure filed by Norwood, the trial court ordered the State to disclose the name of its confidential informant. The State disclosed the informant's name but Norwood filed a second motion seeking information regarding the informant's background. The trial court granted the motion. When the State failed to provide this information, the trial court dismissed the indictment. In three appellate issues, the

1

State challenges the dismissal of the indictment. We reverse the trial court's order of dismissal and remand for further proceedings consistent with this opinion.

In issue three, the State contends that the trial court's dismissal of the indictment against Norwood was improper because the informant's background information is in the exclusive possession of the DEA and is not in the State's possession, custody, or control. Article 39.14(a) of the Texas Code of Criminal Procedure requires the State to produce items of discovery that are "in the possession, custody, or control of the state or any person under contract with the state." Tex. Code Crim. Proc. Ann. art. 39.14(a) (West Supp. 2014). Norwood concedes that the trial court's order violates article 39.14(a) and should be reversed.

According to the record, in March 2014, the DEA provided the State with the informant's name and the name of who to contact should further information be required. At the hearing on Norwood's second motion, defense counsel informed the trial court that attempts to gain additional information from the DEA were unsuccessful. The trial court acknowledged that the DEA had delayed the case. At a subsequent hearing, the State represented that it had also attempted to contact the DEA for further information. At yet a third hearing, the State informed the trial court that the DEA had refused to disclose the informant's background

information. The trial court stated that fault for non-compliance with the order lay with the DEA, not the State, but dismissed the indictment.

The record demonstrates that the information sought by Norwood was possessed by the DEA, not the State. Article 39.14(a) only allows the trial court to order disclosure of evidence that is in the State's possession. *See* Tex. Code Crim. Proc. Ann. art. 39.14(a); *see also Valdez v. State*, 116 S.W.3d 94, 100 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) ("In discovery matters, the State's attorney is answerable only for evidence in his direct possession or in the possession of law enforcement agencies."). Because the trial court could not require the State to disclose evidence that was in the DEA's possession, custody, or control, dismissal of the case was improper. We sustain issue three and need not address the State's remaining issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's order dismissing the indictment against Norwood and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 5, 2015
Opinion Delivered August 31, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

3