# NO. 12-15-00176-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RANDY CRAWFORD,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant, Randy Crawford, appeals his conviction for the offense of theft of property having a value of $1,500 or more but less than $20,000. In one issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On May 29, 2014, the janitor at the Shady Chapel United Methodist Church reported to the Angelina County sheriff's office that the air conditioning unit had been stolen from the church's parsonage sometime during the previous seven days. Deputy Sheriff Paul Biggerstaff went to the church parsonage. He observed that the place where the air conditioner unit had been located no longer housed the unit. The pipes that had gone to the air conditioner had been roughly cut.

At about the time of the discovery of the theft from the Shady Chapel parsonage, Sheriff David Smith of San Augustine County received a tip that Appellant was out stealing air conditioners. Sheriff Smith drove by Appellant's mobile home near Zavalla in Angelina County. He observed an air conditioning unit in the backyard and a tarp covering what might be other air conditioning units. Sheriff Smith returned to Appellant's home with Angelina County Deputy Sheriff Harold Rapsilver where they found two men disassembling an air conditioning unit.

Appellant told Detective Rapsilver that two of the units were from his former residence in Houston that had recently burned. He said that he bought the other unit from Leslie Johnson in Houston. Appellant said he was unable to provide any contact information for Leslie Johnson.

While Deputy Rapsilver questioned Appellant, Sheriff Smith talked to Appellant's wife, who told him they planned to sell two of the units to a man named Leslie Johnson in Houston. Sheriff Smith then called Johnson in Houston. Johnson told him that he knew Appellant, and that he had recently bought an air conditioning unit from him. The model and serial number of the air conditioning unit he had purchased from Appellant matched the model and serial number of the unit taken from the Shady Chapel Church parsonage.

Charles Horsack, chairman of the Shady Chapel Board of Trustees, testified that the cost to replace the stolen unit was $2,112, not including the cost of installation. The State introduced printouts from several websites selling the same model as the one stolen. The cost of the unit on the Amazon website was $1,909 plus $200 shipping. The price on the AC outlet website was $1,909, and on eBay it was $2,699.

Leslie Johnson testified that he paid Appellant $100 or $120 for the stolen unit. Although he testified to a range of lower prices for second hand units, he acknowledged that, with typical markup, Horsack's estimate of $2,112 was not unreasonable. He also testified that while he might have charged $1,000 for a comparable used unit, another company might charge $1,500.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant maintains that the evidence is insufficient to prove that the value of the property taken was $1,500 or more.

### Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence to support a conviction, an appellate court considers the evidence in the light most favorable to the verdict to determine whether the fact finder was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

The value of the property taken is "(1) the fair market value of the property or service at the time and place of the offense; or (2) if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft." TEX. PENAL CODE ANN. § 31.08 (West Supp. 2015).

For purposes of calculating fair market value of stolen property in a theft prosecution, an owner may testify either in terms of purchase price or replacement cost, and is presumed to be testifying to an estimation of fair market value. *Uyamadu v. State*, 359 S.W.3d 753, 759 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Valdez v. State*, 116 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

The owner of property unlawfully taken from him may testify as to the value of the property even though he is not qualified to testify as an expert on the fair market value of the property. *Johnson v. State*, 676 S.W.2d 416, 418 (Tex. Crim. App. 1984); *Anderson v. State*, 871 S.W.2d 900, 903 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

**Discussion**

The value of the Shady Chapel parsonage air conditioning unit is not its second hand value after Appellant hacksawed it from its connections. The property stolen is to be valued "at the time and place of the offense." TEX. PENAL CODE ANN. § 31.08(a)(1). The relevant market is not that of the thief, but of the party from whom the unit was stolen. *Valdez*, 116 S.W.3d at 99. Therefore, the jury's task was to assess its value as it stood when Appellant stole it – a connected, fully functioning, nearly new air conditioning unit. There is no market for similarly situated air conditioning units that might provide guidance.

Charles Horsack, the chairman of the Board of Trustees of the Shady Chapel Church testified that replacing the unit would cost $2,112, not including the cost of installation. Although Horsack testified in terms of replacement cost, standing in the owner's stead, he is presumed to have testified to an estimation of fair market value. *See Uyamadu*, 359 S.W.3d at 759. Estimates from the Amazon, AC outlet, and eBay websites for a replacement unit ranged from $1,909 to $2,699, not including shipping and installation.

Leslie Johnson, the man who bought the unit from Appellant for $100, had several years of experience buying and selling used air conditioning units. He conceded that even using a second hand replacement unit and including the installation cost, $1,500 would be a reasonable price.

There is ample evidence from which the jury might reasonably infer that the value of the property stolen was $1,500 or more. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BILL BASS**
Justice

Opinion delivered April 13, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 13, 2016**

**NO. 12-15-00176-CR**

**RANDY CRAWFORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0568)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*