# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00127-CR

**Aaron Joseph Hoes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BLANCO COUNTY, 33RD JUDICIAL DISTRICT
### NO. CR 01167, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Aaron Joseph Hoes was charged with theft for unlawfully appropriating a tractor with the intent to deprive the owner of the property. *See* Tex. Penal Code § 31.03(a), (b) (setting out elements of offense of theft). Further, the indictment alleged that the value of the property was between $1,500 and $20,000. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 31.03(e)(4)(A), 1993 Tex. Gen. Laws 3586, 3637-38 (providing that offense is state-jail felony if value of property is between $1,500 and $20,000) (amended 1995, 1997, 2001, 2003, 2007, 2009, 2011, 2015) (current version at Tex. Penal Code § 31.03(e)(4)(A) (specifying that offense is state-jail felony if value of property is more than $2,500 but less than $30,000)). After the indictment was issued, the State filed a notice of its intent to enhance the potential punishment range by proving that Hoes had previously been convicted of the following two state-jail felonies: possessing methamphetamine and possessing or transporting certain chemicals with the intent to manufacture a controlled substance. *See* Tex. Health & Safety Code §§ 481.102(6) (specifying

that methamphetamine is part of penalty group 1), .115 (criminalizing possession of substance found in penalty group 1), .124 (prohibiting possession or transportation of certain chemicals); *see also* Tex. Penal Code § 12.425(a) (enhancing permissible punishment range for state-jail felony to that of third-degree felony if "the defendant has previously been finally convicted of two state jail felonies"). At the end of the guilt or innocence phase of the trial, the jury found Hoes guilty of the charged offense. Following the jury's verdict, Hoes entered a plea of true to the enhancement allegations at the start of the punishment phase of the trial. At the conclusion of the punishment phase, the jury recommended that Hoes be incarcerated for five years. *See* Tex. Penal Code § 12.34 (setting out permissible punishment range for third-degree felony). The district court rendered its judgment of conviction in accordance with the jury's verdicts. In one issue on appeal, Hoes challenges the sufficiency of the evidence supporting his conviction. We will affirm the district court's judgment of conviction.

## GOVERNING LAW AND STANDARD OF REVIEW

Under a legal-sufficiency standard of review, appellate courts view the evidence in the light most favorable to the verdict and determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). When performing this review, an appellate court must bear in mind that it is the factfinder's duty to weigh the evidence, to resolve conflicts in the testimony, and to make reasonable inferences "from basic facts to ultimate facts." *Id.*; *see also* Tex. Code Crim. Proc. art. 36.13 (explaining that "jury is the exclusive judge of the facts"). Moreover, appellate courts must "determine whether the necessary inferences are reasonable based upon the combined and

2

cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). Furthermore, appellate courts presume that conflicting inferences were resolved in favor of the conviction and defer to that resolution. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In addition, courts must bear in mind that "direct and circumstantial evidence are treated equally" and that "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor" and "can be sufficient" on its own "to establish guilt." *Kiffe v. State*, 361 S.W.3d 104, 108 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). The evidence is legally insufficient if "the record contains no evidence, or merely a 'modicum' of evidence, probative of an element of the offense" or if "the evidence conclusively establishes reasonable doubt." *Id.* at 107 (quoting *Jackson*, 443 U.S. at 320).

Under the relevant provisions of the Penal Code at issue, "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code § 31.03(a). An "'[o]wner'" in this context means a person who "has title to the property, possession of the property, whether lawful or not, or a greater right to possession of the property than the actor," *id.* § 1.07(a)(35)(A), and "'[p]ossession'" is defined as "actual care, custody, control, or management," *id.* § 1.07(a)(39). In addition, during the time relevant to this appeal, the Penal Code provided that theft is a state-jail felony if the value of the property is between $1,500 and $20,000. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 31.03(e)(4)(A), 1993 Tex. Gen. Laws 3586, 3637-38 (amended 1995, 1997, 2001, 2003, 2007, 2009, 2011, 2015). Further, the value of stolen property is assessed by using "the fair market value of the property or service at the time and place of the offense" or "if the fair market value of the property cannot

3

be ascertained, the cost of replacing the property within a reasonable time after the theft." Tex. Penal Code § 31.08(a).

For purposes of evaluating the value of property that has been allegedly stolen, fair-market value means the amount of money that "the property would sell for in cash" if the owner was given a reasonable amount of time to sell it. *See Keeton v. State*, 803 S.W.2d 304, 305 (Tex. Crim. App. 1991); *see also Valdez v. State*, 116 S.W.3d 94, 98 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd) (expressing fair-market value as "'the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying'" (quoting *Keeton*, 803 S.W.2d at 306 (Clinton, J., concurring))). The fair-market value of property can be proven, among other ways, through the testimony of an owner's opinion of the value of the property, through expert testimony from a non-owner, or through evidence of the retail price or sale price. *Keeton*, 803 S.W.2d at 305; *Ray v. State*, 106 S.W.3d 299, 301 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "When the owner of the property is testifying as to the value of the property, he may testify as to his opinion or estimate of the value of the property in general and commonly understood terms." *Ray*, 106 S.W.3d at 301; *see also Jones v. State*, 814 S.W.2d 801, 803 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (stating that "[f]air market value must be established if the testimony concerning value is given by someone other than the owner"). In addition, an owner may testify regarding the purchase price or replacement cost and is presumed to be testifying regarding an assessment of the fair-market value. *See Sullivan v. State*, 701 S.W.2d 905, 909 (Tex. Crim. App. 1986); *see also Cox v. State*, No. 03-97-00015-CR, 1998 WL 29881, at *3 (Tex. App.—Austin Jan. 29, 1998, pet. ref'd) (not designated for publication) (explaining that "[a]n owner of property may testify to his or her opinion as to the value of property,

4

without any testimony relative to market value, since an owner who testifies as to value of property is presumed to be testifying as to market value"). Moreover, to rebut an owner's opinion regarding the value of the stolen property, the defendant "must offer controverting evidence as to the value of the property." *Sullivan*, 701 S.W.2d at 909; *see Valdez*, 116 S.W.3d at 99.

## DISCUSSION

In a single issue on appeal, Hoes contends that the evidence is legally insufficient to support his conviction "because there is no evidence that the tractor was worth" between $1,500 and $20,000. When presenting this issue on appeal, Hoes urges that Erwin Sultemeir, who was the owner of the property alleged in the indictment, did not testify regarding the value of the tractor. Further, although Hoes acknowledges that Sultemeir's son-in-law, Bobby Humphrey, did discuss the value of the tractor, Hoes contends that Humphrey was not the owner of the tractor and, therefore, could not provide opinion testimony regarding the fair-market value of the tractor. Similarly, Hoes asserts that Humphrey "is not qualified as a tractor salesman, or anyone who would have particular knowledge of any specific piece of farm equipment" and that Humphrey's testimony regarding the value of the tractor was not substantiated by any evidence. Finally, Hoes notes that Humphrey did not mention the purchase price or specifically state that his estimate was for the fair-market value of the tractor.

As pointed out by Hoes, in Sultemeir's testimony, he was unable to recall the model number for the type of tractor that was stolen or the year that the tractor was manufactured, and he did not provide any testimony regarding the value of the tractor. However, during the trial, the State also called Humphrey to the stand, and he testified that he worked "side by side" with Sultemeir on

5

Sultemeir's ranch. In his testimony, Humphrey also explained that he personally used that tractor extensively while working on the ranch. When describing the tractor, Humphrey stated that the tractor was a 1979 "Massey Ferguson 245" tractor, that the current value of the tractor was "[r]oughly [$]7500," and that the value of the tractor was between $1,500 and $20,000. In addition, Humphrey explained that he was the person who had most recently stored the tractor in a shed when he finished using it and was the one who reported that the tractor had been stolen. Moreover, when the State was questioning Humphrey, it repeatedly referred to the tractor as "your tractor," and Humphrey never disagreed with that characterization.

After Humphrey finished testifying, the State called Officers Curtis Klimple and Brad Doring to the stand. During his testimony, Officer Klimple explained that Humphrey drove to the sheriff's station to report the theft. Officer Doring testified in response to questions posed by the State that he recovered a tractor that belonged to Humphrey and that Humphrey later recovered "his" tractor and took it home.

In light of the evidence summarized above as well as the reasonable inferences that could be made from that evidence, the jury could have reasonably determined that although Humphrey was not named as the owner in the indictment, he was an owner of the tractor in that he exercised "actual care, custody, control, or management" over the tractor and, therefore, had possession of the property or in that Humphrey had "a greater right to possession of the property than" Hoes did. *See* Tex. Penal Code § 1.07(a)(35)(A), (a)(39). Moreover, based on that determination and in the absence of any evidence rebutting Humphrey's testimony regarding the value of the tractor, the jury could also have reasonably concluded that Humphrey's testimony established that the fair-market value of the tractor was between $1,500 and $20,000. *Sandone*

6

*v. State*, 394 S.W.3d 788, 792 (Tex. App.—Fort Worth 2013, no pet.) (noting that "the State is not required to prove that an owner of property is qualified based on knowledge of the value of the property before the owner may give testimony about value"). This seems particularly true in this case where Hoes himself provided testimony as to the market value of the tractor. In particular, although Hoes denied stealing the tractor, he testified that he bought the tractor from someone for $4,000.

For these reasons, we must conclude that the evidence presented at trial is legally sufficient to establish that the fair-market value of the tractor was between $1,500 and $20,000. Accordingly, we overrule Hoes's issue on appeal.

**CONCLUSION**

Having overruled Hoes's sole issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   July 22, 2016

Do Not Publish

7